CALDWELL *v.* STATE.

Opinion delivered May 18, 1901.

1. JUROR—OPINION AS TO GUILT—COMPETENCY.—A juror is incompetent to serve who states on his *voir dire* that he has talked about the case with various persons, among whom was a witness for the state, and that he has formed and expressed an opinion about defendant's guilt which it would require evidence to remove. (Page 324.)

2. SAME.—INCOMPETENCY AS GROUND FOR REVERSAL.—An erroneous ruling that a juror is competent upon a challenge for cause is ground for reversal where the accused exhausted his peremptory challenges in challenging other jurors before completion of the panel (Page 326.)

3. INSTRUCTION—DEFENCE—BURDEN OF PROOF.—Where, on a prosecution for seduction, the court charged that if the jury had a reasonable doubt of defendant's guilt upon the testimony in the whole case, he was entitled to an acquittal, it was not error to instruct that, if defendant sought to justify his failure to marry the prosecutrix on the ground of her refusal to marry him, then he must prove such refusal on her part by a preponderance of the testimony. (Page 327.)

4. EVIDENCE—HANDWRITING—COMPARISON OF WRITINGS.—Where there was a dispute as to whether a certain document introduced in evidence by defendant was written by the prosecutrix or by the defendant, certain other documents, admitted by defendant to have been written by him, may be submitted to the jury for the purpose of comparison with the writing in dispute. (Page 328.)

5. EXPERT WITNESS—TESTS.—Where an expert witness has been called to testify his opinion as to whether certain documents were in the same handwriting, and certain specimen writings were submitted on cross-examination to test his judgment upon the question whether they were written by the same person, it is admissible to contradict his testimony in relation to the test writings by showing who wrote them. (Page 329.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

*W. S. Wright* and *J. C. Yancey,* for appellant.

It was error not to sustain appellant's challenge for cause against a juror who had formed an opinion of the case, as had Leggett. 45 Ark. 170; Const. Ark. art. 2, § 10; 56 Ark. 402. *Cf.* 66 Ark. 53; 12 Am. & Eng. Enc. Law, 354, and note. It was error to permit a comparison of the inscriptions on the envelopes and the letters with the writing in dispute. 32 Ark. 337; 7 Abb. N. Cas. 98; 56 Md. 439; 5 Ala. 747; 2 Heisk. 207; 3 Baxt. 45; 78 Ind. 64; 9 Am. & Eng. Enc. Law, 288; 3 Russ. Cr. 361; 36 Am. Dec. 431; 1 Best, Ev. § 238; 16 S. W. 557; 3 Russ. Cr. 361; 16 S. W. 559; 58 Ark. 242. It was error to give the sixth instruction asked by the state, because it cast upon appellant the burden of negativing one of the elements of the crime charged. 62 Ark. 478; 1 Bish. Cr. Law, § 496; Clark's Cr. Proc. 539; 62 N. W. 502; 30 S. W. 802.

*G. W. Murphy, Attorney General,* and *Silas D. Campbell* and *Robert Neill,* for appellee.

Appellant not having shown that he was in any way prejudiced by the ruling as to the competency of the juror Leggett, and the record in no way disclosing any attempt to challenge any subsequent juror for cause or peremptorily, no reversible error was committed. 9 Ark. 164. *Cf.* 56 Ark. 404; 19 Ark. 156; 59 Ark. 132. But the ruling of the court was not erroneous. 66 Ark. 53; 4 L. R. A. 601; 21 So. Rep. 378; 71 N. W. 444; 51 Pac. 879. There was no error in the evidence as to the writing. 58 Ark. 250; 67 Ark. 48; 43 Ark. 391; 68 Ark. 531. The sixth instruction was not erroneous. 2 Am. & Eng. Enc. Law, 657, note; *Cf.* 62 Ark. 47.

HUGHES, J. The appellant was indicted for seduction, entered a plea of not guilty, was tried, convicted and sentenced to confinement in the penitentiary for three months, and to pay a fine of $65, as assessed by the jury in their verdict. He filed his motion for a new trial, which was overruled, and he excepted and appealed to this court.

In making up a jury to try the case, Russ Leggett was sworn and examined as to his qualifications to serve as a juror, and stated that he had heard different ones talk about the case, and that they purported to know the facts; that he had formed and expressed an opinion; that it would require evidence to remove that opinion; that he had talked with Dr. Kennerly, a witness for the state; that that opinion was with reference to the guilt or innocence of the defendant. He was pronounced by the court a qualified juror. The appellant objected, and asked that he be excused for cause. His objection was overruled, and his request denied by the court, and he peremptorily challenged the juror and excepted to the ruling of the court. H. H. Martin, a talesman, was sworn, examined and qualified as a juror, and was taken by the state. The appellant did not excuse said Martin, having exhausted his peremptory challenges. He did not offer to challenge him peremptorily or for cause. Was the juror Leggett competent? He had talked with various persons about the case who purported to know the facts, and with Dr. Kennerly, a witness for the state. though, he did not know at the time that Dr. Kennerly was a witness. He had formed and expressed an opinion as to the guilt or innocence of the accused, which he stated it would require evidence to remove.

In *Polk* v. *State*, 45 Ark. 170, this court said: "That a juror has formed any opinion in such a case renders him *prima facie* incompetent, and it is for the state to show that such opinion is based on rumor, and not of a nature to influence his conduct. But one who leaps in advance of the evidence and the law, and settles in his own mind the question of guilt, is not fit to be a juror in the cause. The juror must be indifferent between the state and the prisoner. The burden of eradicating preconceived opinions upon the merits ought not to be cast upon either party. The fact that the jurors further said that they could try the case impartially was entitled to no consideration in the face of their admissions that their minds were preoccupied by impressions of the case. No reliance is to be placed on such declarations." This case was expressly followed and reaffirmed by this court in *Vance* v. *State*, 56 Ark. 402.

In the case of *Hardin* v. *State*, 66 Ark. 53, the ruling in *Polk* v. *State* was somewhat modified, and it is said (quoting from the syllabus): "A juror in a criminal case who states that, from rumor and from reading the newspapers, he has formed an opinion as to defendant's guilt which it will require evidence to remove, but that, for the purpose of the trial, he can disregard such opinion, and give the defendant a fair and impartial trial, is not incompetent, if it does not appear that he entertained any prejudice against the defendant."

In this case at bar the opinion which the juror had formed was as to the guilt or innocence of the accused, and was formed from talking with witnesses who purported to know the facts. While the mere fact that an opinion by a juror as to the guilt or innocence of the accused on trial for a criminal offense does not itself disqualify the juror, yet, if it appears that such opinion appears to be fixed, and is founded upon what the witness understands to be the facts in the case, such opinion renders him incompetent to act impartially as a juror in contemplation of law.

"In a few cases it is simply stated, without reference to the question of exhaustion of peremptory challenges, that one cannot complain of a denial of a challenge for cause, if he thereafter peremptorily challenges the juror. In these cases failure to state that the challenges were not exhausted was probably a mere inadvertence." 17 Am. & Eng. Enc. Law (2d Ed.), 1189, and cases cited. "In some cases it is held that the mere exhaustion of his legal number of peremptory challenges will not give to a complain-

ing party a right to a reversal, but that in addition he must show that an objectionable juror was impaneled, owing to the want on his part of another peremptory challenge; or, as it may be otherwise expressed, the complaining party must have made, or offered to make, a challenge to a juror subsequently called." 17 Am. & Eng. Enc. Law (2d Ed.), 1188. Such we think was the condition of the juror Leggett. It was error to hold that he was a competent juror.

But he was peremptorily challenged by the accused, and did not sit upon the jury, and the accused exhausted his peremptory challenges. Was the accused prejudiced, inasmuch as he made no objection to Martin, the talesman who came after? There are cases which hold, with much apparent force of reason, that when Leggett was peremptorily challenged, after being pronouncel competent, on a challenge for cause, as he did not sit on the jury, no harm was done. But the accused says that he was compelled to challenge the objectionable juror peremptorily, when his challenge for cause should have been sustained, and that he was thus forced to take some juror that he might have challenged, as he exhausted his peremptory challenges. This position is answered in the fact that no objection, peremptorily or otherwise, was made to any other juror, and that all the accused was entitled to was a fair and impartial jury. "That such error in overruling a challenge for cause is available as a ground for reversal, if the objecting party does exhaust his peremptory challenges before the impaneling of the jury, is stated and applied in a number of cases" (among them cases in our own state). 17 Am. & Eng. Enc. Law, (2d Ed.), 1188.

It is, of course, no ground of complaint if the accused has not exhausted his peremptory challenges before the panel of the jury is completed, as the accused might correct the error by peremptory challenge. *Meyer* v. *State,* 19 Ark. 156; *Benton* v. *State,* 30 Ark. 328; *Mabry* v. *State,* 50 Ark. 494; and other cases in our reports. In *Benton* v. *State, supra,* it is said (in the syllabus): "If, after the court has erroneously overruled the challenge of a juror for cause, the defendant elects to challenge him peremptorily, and the record shows he did not exhaust his peremptory challenges, he cannot avail himself of the error." This, of course, necessarily means that, if the accused had exhausted his peremptory challenges, he could avail himself of the error; otherwise he could not. We think that the necessary implication from the cases in our court upon this

question is that the erroneous ruling that a juror is competent upon a challenge for cause, where the accused has exhausted his peremptory challenges before the panel is completed, may be availed of by him, and is cause for reversal.

There are several grounds urged in the motion for new trial, the most serious of which, according to the appellant's contention, is the giving of instruction numbered 6 for the state. It reads as follows: "No. 6. If the jury believe from the evidence beyond a reasonable doubt that the defendant obtained carnal knowledge of Dora Reeves by virtue of an express promise of marriage made by him to her, and that said marriage was, by agreement of the parties, set to take place on the fourth Sunday in June, 1899, and that said marriage has not taken place, and that the defendant seeks to justify his failure to make said marriage on the ground of the refusal of the said Dora Reeves to join him in the marriage, then he must prove such refusal on the part of said Dora to your satisfaction by a preponderance of the testimony; in other words, the burden of proof is on the defendant in such matter of defense." It is said that the giving of this instruction relieved the state of the burden of proving every material allegation in the indictment, and cast upon the defendant the burden of negativing or disproving, by a preponderance of the testimony, one of the material and indispensable elements of the crime. We fail to appreciate this argument. The defendant set up the refusal of Dora Reeves to join him in the marriage as a substantive affirmative defense. Why is he not required to prove it, if he expects to be acquitted, if it is true? If he had not brought it in the case, it would not be in the case. If he offers no proof in regard to it, his mere affirmance amounts to nothing. He does not expect the state to prove it, for to prove it would defeat her case. He could not expect the state to prove that Dora Reeves did not refuse to marry him, for this would be to require the state to prove a negative, which the appellant contends he cannot be required to do. The defendant relying upon an *alibi* has the burden as to that issue, but this does not relieve the state of proving guilt upon the whole case.

The court in this case further instructed the jury as follows: "11. You are instructed that, if you have a reasonable doubt of the defendant's guilt upon the testimony in the whole case, he is entitled to an acquittal." This, in connection with instruction 6, states the law as we have ruled heretofore, in *Ware* v. *State,* 59 Ark. 379, and cases there cited, and in the very recent case of

*Rayburn* v. *State, ante,* p. 177, in which latter case it is said: "that it is the province of the defendant to introduce evidence tending to show an *alibi,* when relied upon as an affirmative matter of defense, and as to this the burden rests upon him." In *Commonwealth* v. *Choate,* 105 Mass. 406, the court passed upon an instruction which told the jury "that where the defendant sought to establish the fact that he was at a particular place at any given time, and wished them to take it as an affirmative fact proved, the burden of proof was upon him, and, if he failed in maintaining that burden, the jury could not consider it as a fact proved in the case; that the burden, however, was upon the government to show that the defendant was present at the time of the commission of the offense, and as bearing upon this question the jury were to consider all the evidence offered by the defendant tending to prove an *alibi,* and if upon all the evidence the jury entertained a reasonable doubt as to the presence of the defendant at the fire, they were to acquit." The court said of this: "The substance of the whole ruling was that, if the evidence of the defendant which tended to prove an *alibi* was such that, taken together with the other evidence, the jury were left in reasonable doubt as to whether the defendant was present at the alleged fire, they should acquit him." This is the law applicable to this case as we understand it. Instruction 6 is not reversible. Some of the judges think instruction 6 obnoxious to the objections of the appellant and erroneous, but a majority agree that, taken with the other instructions, it is not. Two of the judges incline to the opinion that the appellant waived his objection to the juror Leggett by peremptorily challenging him, and making no objection to Martin, the talesman summoned in his place.

Defendant testified that he was willing to marry the prosecutrix, and offered to do so on the day set for their marriage, but that she refused to execute the contract, and in her own handwriting wrote out her refusal, which defendant tendered in evidence. Certain letters and notes and the addresses upon certain envelopes were identified by defendant as being his handwriting. The court permitted these documents to be submitted to the jury for the purpose of comparing defendant's handwriting with the alleged signature of the prosecutrix. It was not error to permit a comparison of the inscription on the envelopes with the writing in dispute. *Redd* v. *State,* 65 Ark. 475.

The court instructed the jury as follows:

"No. 2. To sustain this charge, it must appear from the evidence (a) that defendant did obtain carnal knowledge of Dora Reeves; (b) that he did so by virtue of an express promise of marriage; (c) that such promise was feigned or false; (d) that such promise of marriage was made in a manner and under such circumstances as to induce Dora Reeves to believe that defendant was true and sincere in such promise, and that, so believing, she permitted his embraces when otherwise she would not have permitted his intimacy; (e) if you believe beyond a reasonable doubt that each of these facts have been proved, and that the offense was committed in Independence county, within three years prior to the 17th day of October, 1899, then you may find the defendant guilty as charged." Defendant asked the court to modify that part of instruction No. 2, marked (c) by stating after the words, "feigned or false," the following: "And was made for the purpose of obtaining such carnal knowledge." There was no reversible error in refusing to make this modification.

Expert witnesses were introduced by the defendant to testify from a comparison of certain documents in evidence whether they were written by the same person. For the purpose of discrediting their testimony a number of written sentences were submitted to them, and they were asked whether they were written by the same person. Subsequently their testimony in this respect was contradicted by Messrs. Campbell and Neill, attorneys in the cause, who testified to having written the test sentences after the controversy began. There was no reversible error in admitting these statements tending to contradict the expert testimony. 1 Greenleaf, Ev. § 578b.

For the error in pronouncing the juror Leggett competent, the judgment is reversed, and the cause is remanded for a new trial.