## TERRELL v. STATE.

Opinion delivered June 29, 1901.

<div style="float:right">'69   449<br>90   589</div>

1. INSTRUCTIONS—REASONABLE DOUBT.—It is error to refuse to give a proper instruction as to reasonable doubt. (Page 450.)

2. JUROR—COMPETENCY OF JUSTICE OF THE PEACE.—Sand. & H. Dig., § 4302, providing that "whenever any juryman shall be presented for examination in impaneling any jury, it shall be a ground of peremptory challenge that said juror is a postmaster, justice of the peace, or county officer," means that it shall be cause for challenge that one presented for examination as a juror fills either one of the positions mentioned. (Page 450.)

3. SAME—WHEN ACCEPTANCE REVERSIBLE ERROR.—Error of the court in overruling a challenge of a juryman for cause is ground for reversal in a criminal cause where defendant exhausted his peremptory challenges. (Page 451.)

Appeal from Pike Circuit Court.

WILL P. FEAZEL, Judge.

*J. O. A. Bush, J. C. Pinnix* and *W. V. Tompkins,* for appellant.

Alexander was not a qualified elector. Const. 1874, art. 2, § 10; 56 Ark. 404; 45 Ark. 165; Const. 1874. art. 3, § 1. Uncommunicated threats are admissible as part of *res gestae.* 16 Ark. 569; 29 Ark. 238; 34 Ark..473; 18 Ga. 194. When the question

S C—29

as to the aggressor arises, proof of uncommunicated threats are admissible. 85 Ky. 77; 11 Ind. 557; 54 Ark. 603; 6 Baxt. (Tenn.) 493; 61 S. W. Rep. 918. The record must show that the jury were sworn. 42 Ark. 108; 34 Ark. 258; 37 Ark. 61; 45 Ark. 146. The record fails to show that the jury was instructed during recess. Sand. & H. Dig., §§ 2237, 2219; 45 Ark. 146. It was error to refuse instruction as to good character of defendant. 35 Ark. 743.

G. W. Murphy, for state.

The record recites that the jury was "duly sworn," which is sufficient. 29 Ark. 7; 34 Ark. 257. Failure to admonish the jury during recess is no error. 56 Ark. 515; 56 Ark. 4.

HUGHES, J. The appellant was indicted in the Pike circuit court for murder in the second degree, for the killing of Tom Bell by shooting him with a gun, etc. He was tried, convicted of murder in the second degree, and sentenced to eight years' confinement at hard labor in the state penitentiary. He filed a motion for a new trial, which was overruled, to which he excepted and appealed to this court. As we could not reverse the judgment for the want of evidence to support the verdict of the jury, we do not set out the testimony.

It is urged in the motion for new trial that the jury was not properly sworn to try the case. While it is not satisfactorily clear, whether they were sworn to try the case, or were sworn only as to their qualifications as jurors, we only mention this to prevent its occurrence again.

It was also made a ground of the motion that the court refused to give an instruction asked by the defendant, in approved form, defining reasonable doubt; the court having failed to give such an instruction. We think the instruction should have been given.

A juror, who was a justice of the peace, having been called and sworn touching his qualification as a juror, over the objection of the appellant for cause, based on the fact that he was a justice of the peace, was pronounced competent by the court, to which appellant excepted and peremptorily challenged the juror. The statute provides (Sand. & H. Dig., § 4302) that "whenever any juryman shall be presented for examination in impaneling any jury, it shall be a ground of peremptory challenge that said juror is a postmaster, justice of the peace or county officer." We con-

strue· this to mean that the fact that a· justice of the peace is· a juror is· cause for ·challenge. · Of course,· any ·juror can be peremptorily ·challenged; and, unless the statute ·means that ·the fact that a··juror·is a justice of the peace is a disqualification, if the defendant· desires to avail `himself of the· fact, then it ·is meaningless `nonsense. Under the decision of *Caldwell* v·· *State; ante,* p. 322, this is reversible error, the defendant having exhausted his peremptory· challenges.

· It is· also úrged that another juror was ·not a citizen of the state, but,· as this will not probably arise again, we pass it, as· the case must be reversed for the error in pronounéing the justice of the peace cómpetent, over the·objection· of ·appellant.

For this error the júdgment is reversed, and the cause is remanded for a new trial.·

RIDDICK and WOOD, JJ., dissent.