GLENN v. STATE.

Opinion delivered December 6, 1902.

1. JURY—ERRONEOUS REJECTION—PREJUDICE.—The fact that the state was permitted to challenge a juror peremptorily after he had been accepted by both parties is not prejudicial error, if defendant had not exhausted his challenges. (Page 87.)

2. HOMICIDE—ERRONEOUS INSTRUCTION—PREJUDICE.—Although it was error to instruct the jury as to involuntary manslaughter where the evidence did not justify a finding of that degree of homicide, the error is not one of which the defendant can complain. (Page 87.)

Appeal from Faulkner Circuit Court.

GEO. M. CHAPLINE, Judge.

Affirmed.

*Geo. W. Murphy, Attorney General,* for appellee.

The indictment contains all the elements of murder in the second degree; and that was the crime intended to be charged. 34 Ark. 480; 36 Ark. 242.

HUGHES, J. Jim Glenn, the appellant, was indicted for murder in the first degree, and was tried and convicted of involuntary

manslaughter, and sentenced to one year in the penitentiary. He moved for new trial, which was overruled. He excepted, and appealed to this court.

After S. A. Castleberry was accepted as a juror, the prosecuting attorney asked and was permitted to re-examine him. The court pronounced him competent, and the prosecuting attorney was then, over the appellant's objection, permitted to challenge him peremptorily. The defendant had not exhausted his challenges. There was no error in this. *Caldwell* v. *State,* 69 Ark. 322.*

In instructing the jury, the court gave an instruction upon involuntary manslaughter. The appellant killed Tom Glaser by cutting him twice with a knife. It was wrong to instruct on involuntary manslaughter, as there was no evidence of involuntary manslaughter in the case. Acting upon this instruction, the jury found the defendant guilty of involuntary manslaughter, and gave him six months in the penitentiary, while in our opinion the proof strongly tends to show he was guilty of voluntary manslaughter. But notwithstanding the judgment must be affirmed. The practice of giving instructions upon degrees of crime when there is no evidence to warrant such instructions is calculated to mislead the jury and work prejudice. It should be avoided.

* See *Williams* v. *State,* 63 Ark. 527. (Rep.)