JONES *v*. STATE.

85   360
e88  421

Opinion delivered February 24, 1908.

1. LARCENY—SUFFICIENCY OF PROOF.—Where defendant purchased cattle belonging to the prosecuting witness from one who assumed to be the agent of such witness, it is necessary, in order to sustain a conviction of larceny, that the State should establish, not only that such assumed agent had no authority to dispose of the cattle, but also that defendant knew that he had no such authority, and that he received the cattle from such agent with felonious intent to deprive the owner of his property. (Page 361.)

2. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—Mere grounds for suspicion do not justify conviction of crime; there must be substantial proof. (Page 362.)

Appeal from Lawrence Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

*John S. Gibson* and *Morris M. Cohn,* for appellant.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

McCULLOCH, J. Appellant was convicted of the crime of grand larceny, and now questions the sufficiency of the evidence to sustain the verdict.

He is charged in the indictment with having stolen a bull and two other cattle, the property of Dr. T. C. Neice. Dr. Neice, who lived at Walnut Ridge in Lawrence County, owned the cattle in question, and testified that they ran out in the range, and that in January, 1907, he found them, with three others which he owned, in appellant's possession in a stock-pen at Hoxie with other cattle which he (appellant) was in the act of selling to one Cousins, a cattle dealer, for shipment. Neice laid claim to the six head of cattle, and appellant disputed his claim, asserting that he had received them in a trade for other cattle with one Ellison. It was finally agreed between them (Neice and appellant) that Cousins should take the cattle and pay the agreed price, $90, to one McGraw, the same to be held by the latter until it should be ascertained upon investigation who was entitled to the money. There is a conflict in the testimony as to the precise terms of this agreement, but we do not consider this important.

Neice denied, in his testimony, that Ellison had any authority from him to sell or trade the cattle to appellant. He testified that he employed Elliston to get up his cattle, mark them, and take care of them, but that he did not authorize Ellison to sell them. He admitted, however, that, before he found the cattle in appellant's possession, Ellison informed him that he had traded them to appellant, and that he consented to let the trade stand.

Here is his account of the transaction, as related on the witness stand:

"The first I knew was when Walter (Ellison) came up and told me that he had got this bull up for me, and I went ahead and made the trade with the fellow at St. Louis, and I thought I had sold it to him. So, after we had delivered them at Hoxie and loaded them, we noticed he was not in the bunch, and when Walter came to the office I asked him what became of that red bull, that I thought he was in the bunch. He says: 'I traded him to Charlie Jones. I thought you would rather have something for him, and leave him out there.' I kind o' upbraided him for doing so, and he says: 'Well, I traded him any way, and got value of him all right.' I says: 'I told you to bring my cattle up here, but I guess I will have to let that go.' I says: 'Did you do any other trading?' He says: 'Yes, I traded six calves for the cow.' I says: 'I guess you know you traded my cattle?' He says: 'I got more than the value of them when I traded.' I says: 'Have you done more trading?' He says: 'Yes, sir.'"

He admitted also that he had shipped and sold the cattle that Ellison received from appellant in exchange for these in controversy.

Appellant and Ellison both testified that they traded these cattle. Ellison testified, too, that he had authority from Neice to do so, and that Neice shipped and sold some of the cattle received from appellant in the trade.

We are of the opinion that the evidence does not sustain the verdict. It is settled by decisions of this court that unexplained possession of property recently stolen is sufficient to warrant a conviction of larceny (*Gunter* v. *State,* 79 Ark. 432) ; but the evidence in this case does not bring it within that rule.

There is enough to justify a finding, from the conflicting evidence, that Ellison was not authorized by Neice to trade the cattle to appellant, but not enough to warrant the conclusion that appellant did, not make the trade and receive the cattle in good faith from Ellison. Ellison had charge of Dr. Niece's cattle, and had previously traded some of them to other parties. In fact, Dr. Neice testified that Ellison was in his employment about a year before this time, and had authority to sell his cattle. Ellison and appellant both testified that the trades between them were made fairly and in good faith, and there is nothing in the evidence to contradict this. They testified in detail as to the trades they made, and Ellison satisfactorily accounts for the eleven cattle which he received from appellant in the several trades. Some of the cattle, it is admitted, were shipped to St. Louis by Dr. Neice and sold with other cattle. Dr. Neice admits that Ellison told him of trading the bull and some other cattle, and that he consented to it and said: "Let that go." Nor is there any proof whatever, which we can discover, that Ellison converted or misappropriated any of the cattle received by him from appellant. In order to justify appellant's conviction, it is necessary to prove, not only that Ellison had no authority to dispose of the cattle, but also that appellant knew that he had no such authority, and that he received the cattle from Ellison with the felonious intent to deprive the owner of his property.

There is just enough in the evidence to warrant a suspicion that appellant, when he traded with Ellison, might have known that the latter was assuming more authority over Dr. Neice's cattle than he really had. But mere grounds for suspicion do not justify conviction of crime. There must be substantial proof. *France* v. *State,* 68 Ark. 529.

After a careful consideration of the evidence as it appears in the record, we are convinced that the evidence is not sufficient to sustain the verdict, and that appellant is entitled to a new trial.

Reversed and remanded.