·· BEVIS *v.* ,STATE.

Opinion delivered May 31, 1909.

1. CONTINUANCES—ABSENT WITNESS.—The trial court's refusal to grant a continuance in a felony case will not be ground for reversal where the trial was had a year after the finding of the indictment, and the motion for continuance does not show where the absent witness is or that petitioner made any effort to ascertain her whereabouts, except to have a subpœna issued for her, which was not served. (Page 588.)

2. JURY—IMPROPER CHALLENGE—PREJUDICE.—The fact that the State was permitted to challenge a juror peremptorily after he had been accepted by both parties is not prejudicial error unless defendant exhausted his challenges. (Page 589.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

*Trimble, Robinson & Trimble, Vaughan & Vaughan* and *Palmer Danaher,* for appellant.

1. The refusal of a continuance was reversible error. Where a motion for continuance complies with every requirement of the law, and the evidence is material, and due diligence is shown, it is an abuse of discretion to refuse a continuance. 4 Enc. Pl. & Pr. 845-6-7; 71 Ark. 180; 60 *Id.* 576; 42 *Id.* 274; 67 *Id.* 142; 60 *Id.* 564.

2. It was also error in allowing the State to challenge the juror McNew after he had twice been accepted by the parties, without good cause shown. Kirby's Dig., § 2357; 63 Ark. 527-534; 76 *Id.* 84.

3. The court erred in giving and refusing instructions.

*Hal. L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellee; *Downie, Rouse & Streepey,* of counsel.

1. Motions for continuance are so largely in the discretion of the court that this court will not control it unless there has been a flagrant abuse that amounts to a denial of justice. 26 Ark. 323; 57 *Id.* 167; 41 *Id.* 153; 61 *Id.* 88-94; 62 *Id.* 543; 71 *Id.* 63. The affidavit shows the evidence was cumulative merely. 67 Ark. 47; 71 *Id.* 403; 75 *Id.* 350.

2. There is nothing in the record to show that the State exercised her peremptory challenge of McNew after the juror had been sworn in chief. Kirby's Dig. § 2354; 76 Ark. 84-5.

BATTLE, J. The grand jury of the Lonoke Circuit Court, at the February, 1908, term, on the 7th day of February, 1908, filed in open court an indictment against Walter Bevis for murder in the second degree, committed by killing one J. W. Wilson.

On the 3d day of February, 1909, the defendant moved for a continuance as follows:

"Comes the defendant, Walter Bevis, and asks a continuance of this cause until the next term of the court, and for grounds states that Cora Boacy is absent, and is a material witness in his behalf; that he used due diligence to procure the attendance of said witness, having caused subpoena to be issued from the court for her. That the said Cora Boacy has not been served with process, but that he has caused subpoena to be issued for her, and he is informed and believes that she is in jurisdiction of this court. That her attendance can be procured by the next term of court. That the said Cora Boacy is a material witness in his behalf, and if present would testify that she was in the kitchen cooking breakfast in the morning that J. W. Wilson and the defendant, Walter Bevis, had a difficulty, and that said Wilson charged said Bevis with having stolen his money. That subsequently he, the said Bevis, procured a shotgun from Janie Widerman for the purpose of killing a chicken, and after he had killed the same put the gun up. That when Bevis came in the house with the gun from killing the chicken Wilson started upon him, when Bevis set the gun down and struck Wilson with his fist, who fell striking his head against the pavement. That Bevis did not have any weapon in his hands when he struck Wilson. That J. W. Wilson had been drinking, and was very violent in his manner towards the defendant before the difficulty. That he called the defendant a son-of-a-bitch, and told Bevis that he believed that he stole his money while he was asleep. That this testimony is very material, true as he verily believes, and that said witness is not absent by consent, connivance, or procurement of this defendant, and that he cannot establish said facts by any other witness.

"Wherefore the defendant prays that he be granted a continuance of this cause until the next term of court.

(Signed) "Walter Bevis.

"Walter Bevis states that the above and foregoing state-

ments in the motion for a continuance of this cause are true to the best of his knowledge and belief.

"Subscribed and sworn to before me this 3rd day of February, 1909,

"T. D. Bransford, Clerk."

The motion was overruled. In impanelling the jury in the case J. H. McNew was accepted as a juror. As to his acceptance and discharge the record is as follows:

"Sometime after J. H. McNew, who was one of the regular impanelled jurors, had been accepted by both the State and the defendant, the prosecuting attorney asked for and obtained leave of the court to re-examine said McNew as to his competency and qualifications to serve as a juror. Thereupon the said prosecuting attorney examined the said McNew again concerning his competency and qualifications and again accepted said McNew as a juror, after which several other jurors were accepted by both parties and said prosecuting attorney, without any notice to defendant's counsel, asked the court to allow him to peremptorily challenge said McNew. Whereupon the court, without permitting defendant's counsel to protest against said challenge, permitted said peremptory challenge, and said McNew was excused from serving on said jury."

The defendant was convicted of involuntary manslaughter, and his punishment was assessed at one year's imprisonment in the penitentiary, and judgment was rendered accordingly. To reverse this judgment he prosecutes an appeal to this court.

"The granting or refusing of continuances is within the sound legal discretion of the trial court; and this court will not interfere where there has been no abuse of that discretion." In this case the trial of the defendant was had about one year after the indictment was filed in court. The absent witness was present at the time defendant beat and abused Wilson, the deceased. He knew that fact. The motion for continuance does not show where she was or is, or that he made any effort to ascertain her whereabouts. It says that he caused a subpoena to be issued for her, without indicating how long before the trial it was issued or that there was a probability of it reaching her when it was issued; and this was the only effort to procure her testimony, so far as shown, although he had about one year to do so.

It does not appear that the court abused its discretion in refusing the continuance.

It is not shown that the defendant had exhausted his peremptory challenges when the jury that tried him was completed; and that he was prejudiced by the discharge of McNew. Unless it so appeared, it was within his power to protect himself against the impanelling of an objectionable juror on account of the discharge of McNew. The record fails to show any reversible error in that respect was committed. *Glenn* v. *State,* 71 Ark. 86; *Caldwell* v. *State,* 69 Ark. 322; *Williams* v. *State,* 63 Ark. 527; *Terrill* v. *State,* 69 Ark. 449; *Brewer* v. *State,* 72 Ark. 145.

We find no reversible error in the proceedings of the court. Judgment affirmed.