## HOLT v. STATE.

### Opinion delivered October 18, 1909.

1. JURORS—ERROR IN REFUSING TO EXCUSE JUROR—PREJUDICE.—Error of the court in a criminal case in overruling a challenge to a juror for cause is waived if the defendant did not exhaust his peremptory challenges. (Page 579.)

2. TRIAL—ARGUMENT OF COUNSEL.—It was not error to permit the attorney for the State in a murder case to denounce the defendant in argument as "an assassin and cold-blooded murderer" where such an opinion was a reasonable deduction from the evidence. (Page 579.)

3. APPEAL AND ERROR—WHEN ADMISSION OF EVIDENCE HARMLESS.—The error of admitting improper evidence may be cured by instructing the jury not to consider it in making up their verdict. (Page 579.)

4. SAME—WHEN ADMISSION OF EVIDENCE HARMLESS.—The defendant in a murder case was told by the officer having him in charge that there was a pretty hard case against him, to which defendant replied: "Charley Buck shot a man and got off with five years." Defendant claimed that the killing was done in self defense. *Held* that if the confession was inadmissible, not being voluntary, it was not prejudicial, especially where defendant had made a voluntary confession of the killing to another witness. (Page 580.)

5. JURORS—DESIGNATION OF PERSON TO SUMMON.—Under Kirby's Digest, § 2350, providing that "the court may, for sufficient cause, designate some other officer or person to summon jurors," the trial court has discretion to determine what is a sufficient cause. (Page 581.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

Appellant, *pro se.*

1. It was error to permit either Todhunter or Boaz to testify as to the confession made, as they were not voluntary but extorted. 66 Ark. 53; 50 *Id.* 305; 22 *Id.* 336; 11 *Id.* 408; 69 *Id.* 599-602; 3 Enc. Ev., pp. 301-2-3. Confession must be voluntary and without restraint, coercion or influence of any kind. The question of admissibility often turns upon the question whether they were made to one having official authority, or sustaining some confidential relation as spiritual adviser, or having control over or power to punish. 25 Ala. 9; 69 *Id.* 159; 2 Col. 186; 113 Ga. 1039; 80 Ky. 468; 11 Tex. App. 364; 14 N. Y. 384; 35 Tex. Cr. App. 360; 13 S. W. 865; 1 Bish. Cr. Pr. 1227; 3 A. & E. Enc. L. 457-8-9; 1 Greenl. Ev. 220.

2. It was error to dismiss the sheriff and deputy and allow a bystander to summon a jury.

3. The court erred in its charge to the jury.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* Assistant, for appellee.

1. There is nothing in the testimony of Boaz and Todhunter that would render the confession of defendant inadmissible. 28 Ark. 121; *Ib.* 521; 35 Ark. 35; 50 *Id.* 501. But if they were they were not harmful nor prejudicial. 73 Ark. 407; 76 *Id.* 276; 77 *Id.* 453.

2. Error in admitting improper testimony is cured when the court withdraws it from the jury. 60 Ark. 45. The presumption

is that the verdict is based on competent evidence only. 43 Ark. 99. Juries should be credited with at least ordinary intelligence. 66 Ark. 16.

3. Defendant had not exhausted his peremptory challenges, and he cannot complain of the juror Bob Curtis. 72 Ark. 613; 19 *Id.* 156; 30 *Id.* 328; 50 Ark. 494; 69 *Id.* 322; 71 *Id.* 86.

4. The denunciation of defendant in argument, under the proof, was very proper and appropriate. 72 Ark. 613; 74 *Id.* 489. If error, it was harmless. 72 Ark. 613; 73 Ark. 148.

WOOD, J. Appellant appeals from a judgment of the Washington Circuit Court convicting him of the crime of murder in the second degree. He was indicted for murder in the first degree. The indictment was in apt language, and correctly charged the offense. The evidence for the State tended to show that appellant on the 6th day of September, 1908, shot and killed one J. W. Murry from ambush. It was shown that Murry a few weeks prior to the killing had accused appellant of stealing watermelons, had cursed appellant, calling him vile names, and had threatened to kill appellant; that this abuse filled appellant with rancor, which on the day of the killing caused him to say that he was going to "get his gun and make him take it back or kill him." There were circumstances tending to show that appellant while lying in wait killed Murry as he passed along the highway. Such was the theory of the State.

On the other hand, there was evidence tending to prove that appellant met Murry in the public road, and requested him to retract the abusive language he had formerly used toward appellant; that he refused to do so, but made a motion as if to draw a weapon, whereupon appellant shot and killed him instantly. The jury passed upon the conflicting theories to be deduced from the evidence, and it suffices to say that a verdict for murder, even in the first degree, would not have been disturbed by this court. There was some evidence to justify the court in submitting to the jury the question as to whether appellant was seen at the time he fired the fatal shot, and this the court did in proper instructions. There was no evidence to warrant the court in submitting the question as to whether appellant was acting under an insane delusion in taking the life of Murry. There is no proof of delusional insanity in the record, and the trial court

properly rejected prayers for appellant seeking to have such issue presented.

Bob Curtis, a talesman, stated on his *voire dire* that he had a "fixed opinion" as to the defendant's guilt formed from reading newspaper articles and talking with persons who purported to give the facts in the case. The court over the objection of appellant held that Curtis was a qualified juror. The appellant excepted to the ruling, and peremptorily challenged the juror.

Conceding that the answers of the juror *prima facie* rendered him incompetent, and that, in the absence of further examination into his competency, the court should have excused him for cause, still there is no showing in the record that appellant had exhausted his peremptory challenges. It does not appear, therefore, that appellant was prejudiced by the ruling of the court. It does not appear that by the ruling of the court appellant was compelled to accept some juror that was unsatisfactory to him. The appellant, not having exhausted his peremptory challenges, waived any error the court may have committed in not excusing the juror for cause. *York* v. *State, post* p. 582; *Glenn* v. *State,* 71 Ark. 86; *Caldwell* v. *State,* 69 Ark. 322.

Counsel for the State denounced the defendant in argument as an "assassin and cold-blooded murderer." The language, at most, could only have been accepted by the jury as the opinion of the zealous prosecutor from his viewpoint of the evidence. The jury had heard all the evidence, and they were sworn to form their opinion from the evidence and the law applicable thereto. It is not probable that a sensible jury would mistake the denunciation of zealous counsel for proof in the case, and be misled thereby to appellant's prejudice. Such arguments are in bad form, but it is not error to permit them, especially under facts and circumstances such as are detailed in this record. *Kansas City S. Ry. Co.* v. *Murphy,* 74 Ark. 256. From the standpoint of the State, such opinions as the prosecutor expressed were reasonable and legitimate deductions, to be drawn from the evidence.

The court permitted witness Carson, the deputy sheriff and jailer, to give his opinion as to the sanity of appellant while he was in jail, where no foundation had been laid for such opinion. But the court cured any error in this by instructing the

jury not to consider such opinion in making up their verdict. *Carr* v. *State*, 43 Ark. 99; *Johnson* v. *State*, 60 Ark. 45.

It may be conceded that the confession of appellant, made to the deputy sheriff Todhunter and constable Boaz after they had taken him into custody, was, under the circumstances detailed by them, not a voluntary confession, and that therefore the court erred in permitting evidence of such confession to go to the jury. But we see nothing in the confession, as shown by the testimony of these witnesses, that was prejudicial to appellant. The deputy sheriff, after taking appellant into custody, told him that "it looked like there was a pretty hard case against him." To this appellant replied, "Charley Buck shot a man and got off with five years, and got off with about five months." Appellant urges that this "testimony tended to create in the minds of the jury a belief that this appellant thought lightly of human life, and believed that he could kill a man and get off with a few months as Buck had done." But the testimony could not reasonably have so impressed the jury. For it was but the expression of a hope on the part of appellant that, although his case might seem to the deputy sheriff to be a a "pretty hard one," yet, in view of the light punishment Buck had received for killing a man, appellant might also hope to be similarly dealt with. It must be borne in mind, that appellant was claiming that he acted in self-defense. In view of this claim, it was but reasonable for him to express the belief, in answer to the deputy's question, that he, appellant, might not fare any worse than Buck had done for killing a man. We do not see that this part of his confession could have prejudiced him. Taking the confession as a whole, it did no more than to connect appellant directly with the killing.

The testimony of witness June Lawson shows that appellant confessed to the killing before he was arrested, and before he made the confession to the officers. It is not contended that the confession to June Lawson was involuntary. Appellant also, on the witness stand, confessed to the killing.

That is all that the confession to the officers tends to show. So we are convinced that, although this confession might not have been free and voluntary, evidence of it, in the light of the testimony of June Lawson and of appellant himself, could not have been prejudicial.

Appellant insists that the court erred in dismissing the duly elected sheriff and his sworn deputy, Carson, and in designating Combs, a bystander, to summons the jury to try the case; and insists that the motion asking for the discharge of the sheriff and Carson did not contain sufficient allegations for said motion to be considered by the court, and the evidence adduced was not sufficient to justify the court in denying the sheriff and his deputy, Carson, the right to summons the jury to try the appellant, and in giving to Combs, a bystander, the right to summons said jury. Section 2350 of Kirby's Digest provides: "The court may, for sufficient cause, designate some other officer or person than the sheriff to summon jurors, the officer or person designated being first duly sworn in open court to discharge the duty faithfully and impartially." The prosecuting attorney moved the court to designate some one other than the sheriff to select talesmen to serve as jurors after the regular panel had been exhausted, setting up, among other things: "That J. C. Reed, sheriff of Washington County, is so biased and prejudiced in favor of the defendant in the above-entitled cause that said sheriff will not summon a jury free from bias and prejudice." It was also alleged that "J. C. Reed, sheriff, was related in some degree by affinity or consanguinity to the defendant." The court, after hearing evidence on the motion, granted it, and designated J. G. Combs, sheriff.

It will serve no useful purpose to review the evidence adduced on the hearing of the motion. The trial judge must necessarily have large discretion in determining what is "sufficient cause," in order to carry out the salutary purposes of this statute. The Legislature did not designate what would constitute a "sufficient cause," but wisely left that to the discretion of the trial courts. We find no abuse of the discretion in the present case of which appellant can complain. The jury was duly selected, and it is nowhere shown that any juror selected by the special sheriff was prejudiced against appellant.

We have examined the objections to the rulings of the court in the giving and refusing of prayers for instructions. It could serve no useful purpose to discuss these at length. The charge as a whole is clear, consistent, and exceptionally free from error. It covers accurately every phase of the evidence, and announces

familiar principles that have been often repeated in many decisions of this court.

The appellant has had a fair trial. The judgment is therefore affirmed.

