Hood *v.* Hinds.

4-5553

130 S. W. 2d 711

Opinion delivered July 3, 1939.

*E. R. Parham,* for appellant.

*Ben D. Rowland* and *Wayne W. Owen,* for appellee.

Holt, J. Appellant, O. W. Hood, has prosecuted this appeal to reverse a judgment rendered against him in favor of appellee in the Pulaski circuit court, third division, for damages growing out of the alleged breach of a rental contract, for space in appellant's building for restaurant purposes.

Appellee, among other things, alleged in his complaint that on October 1, 1936, he rented from appellant a store building located at 212 East Sixth Street, in the city of Little Rock, on a month to month basis for a consideration of $30 per month; that he immediately took possession and began to operate successfully a restaurant therein; that he continued to operate successfully until June 7, 1938, when appellant, "his agent and servant took charge of the said business, located in the above described premises and wrongfully assumed control over the said building and converted the same to his own use."

He further alleged that appellant converted to his own use property of appellee of the value of $149.43, and that by reason of appellant's wrongful entry, possession, and conversion, he, appellee, lost his equity in his equipment to the extent of $123, and that his business and good will attached thereto had been damaged, all in the total sum of $772.43, for which he prayed judgment.

To this complaint appellant filed answer and cross-complaint. He denied every material allegation set out in the complaint and by way of cross-complaint sought to recover from appellee rents due and moneys advanced to appellee.

On a trial to a jury, a verdict was returned for appellee for the sum of $200 and in favor of appellant, on his cross-complaint, in the sum of $62. Appellant brings this appeal from the judgment rendered against him.

It is (1) urged here by the appellant that the trial court erred in refusing to direct a verdict in his favor at the close of all the testimony in the case, and (2) that the court erred in giving certain instructions on behalf of appellee, after modifying same, and in refusing to give a certain instruction requested by appellant.

The evidence in this case, on which recovery was based, is conflicting, and we think it would serve no useful purpose to review it. Suffice it to say that we have carefully examined it and find that there is some evidence of a substantial nature to support the jury's verdict, and under the well-established rule in this state, we do not disturb it here.

Appellant next contends that the trial court erred in giving, after having modified same, two instructions requested by appellee, and in refusing to give a certain instruction requested by him.

The record in this case reflects that a total of fourteen instructions was requested by the parties, that eight were given as requested, two were given as modified, and four refused.

The two instructions given by the court, and about which appellant complains here, and the instruction re-

quested by appellant, and refused by the court, are the only instructions which appellant attempts to abstract in his brief. He fails to favor us with an abstract of the remaining eleven instructions requested by the parties. He only makes a general objection to the two instructions about which he complains, and unless they are inherently wrong—and we do not think they were—we must assume that the other instructions given by the court, in the absence of a complete abstract of such instruction here, properly covered the issues, and cured any objectionable features in the two instructions complained of.

As to the instruction requested by appellant, and refused by the court, we must also assume that the theory embraced in this instruction was fully covered by other instructions which the court gave and which are not abstracted by appellant.

In *Keller* v. *Sawyer,* 104 Ark. 375, 149 S. W. 334, this court said: "The refusal to give a certain instruction cannot be relied upon as error unless all of the instructions are set out in the abstract. *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61, 135 S. W. 822, 36 L. R. A. N. S. 1194."

In the Thornton Case, *supra,* at page 63, this court said: "Counsel for appellant assign as error the action of the court in refusing a certain instruction, which they set out in their abstract. They contend that the refused instruction is not covered by any other instruction given. But they have not set out the other instructions, and the court might differ with them as to their construction of the omitted instructions. Under rule IX, counsel must abstract them, or we will assume that the theory embraced in the refused instruction was fully covered by the other instructions given which are not abstracted. *St. Louis, I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 374, 95 S. W. 783.

Again in *Karatofsky* v. *Fybush,* 90 Ark. 230, 118 S. W. 1009, this court said: "There was a trial before a jury, and a verdict returned in favor of appellees for the sum of $917.17. The case is here on appeal. The

only assignment of error is based upon the action of the trial court in refusing to give a certain instruction asked by appellant. This instruction is set out in appellant's abstract, but it appears that other instructions were given by the court, and that they are not set out in appellant's abstract. Rule IX of this court requires that the instructions given, as well as those refused, by the court should be set out. The rule was adopted for the purpose of facilitating the work of this court, and is a very salutary one."

We conclude, therefore, on the whole case, that the judgment should be affirmed, and it is so ordered.