FIELDS v. STATE.

4661                                    242 S. W. 2d 639

Opinion delivered October 8, 1951.

*J. H. A. Baker,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

Ed. F. McFaddin, Justice. Appellant was convicted of knowingly receiving stolen property[1] of a value less than $35[2] and was fined $25. From such conviction there is this appeal, presenting the issues now to be discussed.

I. *Sufficiency of the Evidence.* Two boys, each 15 years of age, admitted stealing 73 pounds of copper wire from the Arkansas Power & Light Company warehouse in Russellville, and immediately selling the wire to appellant at his junk yard adjacent to the place from which the wire was stolen. Appellant paid the boys 9c per pound for the wire. As soon as the theft was discovered the wire was found in appellant's possession; and this prosecution followed.

The boys testified that the appellant asked them no questions as to their ownership of the wire. Appellant and his witnesses testified that he did so inquire and that the boys claimed to be *bona fide* owners. Thus, there was a dispute as to the investigation appellant made when he received the property. Furthermore, one of the boys who negotiated the sale to the appellant testified that he had lived in appellant's home for a long time and had sold appellant other property.

In *Morris* v. *State,* 197 Ark. 778, 126 S. W. 2d 93, we reiterated our holding: "The possession of recently stolen property, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction either of larceny or of receiving stolen property. It was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by appellant of his possession of the stolen property." See, also, *Shoop* v. *State,* 209 Ark. 498, 190 S. W. 2d 988; *Daniels* v. *State,* 168 Ark. 1082,

---

[1] See § 41-3934, Ark. Stats.

[2] See § 41-3907, Ark. Stats., as amended by Act 243 of 1949.

272 S. W. 833; *King* v. *State,* 194 Ark. 157, 106 S. W. 2d 582, and *Williams* v. *State,* 202 Ark. 951, 154 S. W. 2d 809.

Appellant urges that he did not conceal the wire when he purchased it from the boys, that he left it in a place plainly visible, and that he instantly offered to return the wire to the lawful owner when the officers told him that it had been stolen. Because of these facts appellant argues that he never intended "to deprive the true owner," which is an ingredient of the offense here charged.[3] But such argument by the appellant is one that should have been addressed to the jury, rather than to this Court on appeal. The recently stolen property was found in appellant's possession; and the reasonableness of his explanation was a question for the jury under the holding of our cases previously listed. The evidence was sufficient to sustain the verdict.

II. *Instructions.* Appellant argues that the trial court erred in refusing some instructions which he says he requested. But the appellant's abstract in this Court is not sufficient to allow the point to be considered. He was convicted of a misdemeanor; and in misdemeanor appeals it is the appellant's duty to abstract the record and brief the case on the points that he desires to have considered. See *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673, and *Davis* v. *State,* 196 Ark. 721, 119 S. W. 2d 527. Appellant has not abstracted any of the ten instructions which the Court gave. Under the well known rule,[4] we must presume that the instructions which the appellant requested and the Court refused were covered by other instructions that were given.

Affirmed.

WARD, J., dissents.

---

[3] See § 41-3934, Ark. Stats.

[4] See *Carpenter* v. *Hammer,* 75 Ark. 347, 87 S. W. 646, and *Hood* v. *Hinds,* 198 Ark. 678, 130 S. W. 2d 711. See other cases collected in West's Arkansas Digest "Appeal and Error," Key No. 928.

376

PAUL WARD, J., dissenting. It is my opinion that the testimony in this case, giving it the strongest probative value, only raises a suspicion that appellant knew the property was stolen.

The judgment should be reversed and a new trial granted under the authority of: *Jones* v. *State,* 85 Ark. 360, 108 S. W. 223; *Andrews* v. *State,* 100 Ark. 184, 137 S. W. 1134; *McCoy* v. *State,* 177 Ark. 1053, 9 S. W. 2d 241; *France* v. *State,* 68 Ark. 529, 60 S. W. 236.