CHARLES ELLIS v. STATE OF ARKANSAS

5388                                              434 S.W. 2d 275

Opinion Delivered December 2, 1968

*Fred E. Briner* for appellant.

*Joe Purcell*, Atty. Gen.; *Don Langston*, Asst. Atty. Gen. for appellee.

PAUL WARD, Justice.    This is a Criminal Procedure Rule No. 1 proceeding wherein Charles Ellis (appellant) contends his constitutional rights were violated when he was sentenced to life imprisonment in the penitentiary.

On September 1, 1958 appellant was charged with murder in the first degree for slaying A. Z. Cromwell on August 26, 1958. Upon arraignment he pleaded guilty. A jury, upon hearing testimony, fixed his punishment as previously stated, and he began serving the sentence.

Approximately eight years later appellant filed a petition in circuit court of Saline County (where he had been sentenced) alleging his constitutional rights had been violated. His prayer was for "immediate freedom".

On March 11, 1968 the court appointed attorney Fred Briner to represent appellant, and a hearing was held on June 26, 1968. At that time the criminal docket sheet of the 1958 trial was introduced in evidence, and appellant took the stand and testified at length.

At the close of the hearing the trial court denied the relief prayed for, and this appeal follows.

We have carefully examined each of the grounds urged here by appellant to show a violation of his constitutional rights, but find no merit in any of them.

The docket sheet showing the proceedings at the original trial in 1958 was introduced in evidence and it reveals: Appellant was represented by Attorney Wendell Hall; He entered a plea of guilty on December 8, 1958; On the same day he was found guilty by a jury, he waived time for pronouncement of judgment, was sentenced to life imprisonment. No other evidence was presented to the court except the testimony given by appellant.

The only grounds urged here by appellant for a reversal are those mentioned below.

A. Appellant testified that he was apprehended in New Mexico and returned to Arkansas by Lt. McDon-

742

ald without an extradition hearing or waiver. We see no merit in this contention because this point was not raised when he pleaded guilty in 1958 after conferring with his attorney. Moreover, appellant does not contend he requested such hearing.

B. Here, it is contended his constitutional rights were violated because he "was not arraigned before a magistrate for a period in excess of thirty days after his arrest." Again it is pointed out that no such objection was raised in 1958.

C. Finally, appellant contends his constitutional right was violated when he (allegedly) admitted the killing without having been warned of his right to keep silent (as required by the *Miranda* decision). A sufficient answer to this contention is that the *Miranda* decision was announced some eight years after appellant was convicted, and that it is not retroactive. See: *James W. Moore* v. *State,* 241 Ark. 745 (p.747), 410 S.W. 2d 399.

Finding no reversible error, the judgment of the trial court is affirmed.