## Turner v. State.

### Opinion delivered September 23, 1918.

1. CONTINUANCE—ABSENCE OF WITNESS.—It was not error to refuse a continuance in a criminal case on account of the absence of a witness where defendant did not exercise due diligence in asking for a subpoena for the witness, where the witness was beyond the jurisdiction of the court and not amenable to its process, and where the court permitted the motion for continuance to be read as evidence in defendant's behalf.

2. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—Remarks of the prosecuting attorney in argument can not be assigned as error on appeal where no reference is made to them in the bill of exceptions, though they are set forth in the motion for new trial.

3. CRIMINAL LAW—INSTRUCTIONS—EXCEPTION.—Where the court instructed the jury: "3. Credibility of witness—this is the same that I have been giving you all along, gentlemen," no error is shown where it does not appear what instruction the court had been giving and where the record does not show that appellant preserved any exceptions to such instruction.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is sufficient to sustain the conviction.

2. The motion for. continuance was properly overruled. Due diligence was not shown and no prejudice is shown. There was no showing that the presence of the absent witness was reasonably expected at a future term of court. 62 Ark. 543; 103 *Id.* 509. Besides appellant had the benefit of the testimony of this witness as his testimony was read to the jury. 90 Ark. 384.

3. The remarks of the prosecuting attorney are not shown in the bill of exceptions. 131 Ark. 445; 126 Ark. 300; 121 *Id.* 269.

4. . There is no error in the instructions, but no objections were made or saved to them. 73 Ark. 407; 103 *Id.* 505; 104 *Id.* 397.

5. Appellant failed to request any instructions as to the credibility of witnesses. 45 Ark. 539; 47 *Id.* 196; 75 *Id.* 373; 77 *Id.* 455; 86 *Id.* 360; 67 *Id.* 416.

WOOD, J. Appellant was convicted under Act 30 of the Acts of 1915, p. 98, of the crime of selling spirituous liquors and sentenced to one year in the penitentiary. The indictment was valid. It was returned by the grand jury on the 5th day of June, 1918. Appellant was put upon trial on June 12, 1918. The testimony tended to prove that appellant, on the 3rd of September, 1917, in Fort Smith, Sebastian County, Arkansas, sold to one Skelton, for the sum of $5, two pints of whiskey. The testimony was sufficient to sustain the verdict.

When the case was called, appellant moved to continue on account of the absence of Tom Thurston. He set up that Thurston was a material witness in his behalf and would testify, if present, that the prosecuting witness, Skelton, did not buy any liquor from defendant; that the liquor was sold to Skelton by another person.

And he set forth in his motion, in detail, the facts which he expected to prove by the absent witness, which tended to show that appellant did not sell any liquor to Skelton. The motion set up that Thurston lived in Oklahoma; that subpoena had been issued for him but was not served for the reason that the witness was out of the State; that the witness had promised appellant and his attorney to be present, and that he was not absent on account of any negligence or connivance of appellant or his attorney; that if the cause were continued to another day or term the deposition of the witness could be taken.

The court overruled the motion, but permitted appellant to read the facts set up in his motion as the testimony of the witness. The court did not err in overruling the motion. The motion showed that the witness lived in Oklahoma. The appellant was indicted on the 5th of June, but did not ask for a subpoena until the 12th. The motion shows that the absent witness lived within two miles of the courthouse.

The appellant did not exercise due diligence in asking a subpoena for his witness; furthermore, the witness was out of the jurisdiction of the court and not amenable to its process. See *McCarthy* v. *State,* 90 Ark. 384; *C., R. I. & P. Ry. Co.* v. *Harris,* 103 Ark. 509.

The appellant complains of certain remarks made by the prosecuting attorney, which he set forth in his motion for a new trial, but no reference is made to these purported remarks in the bill of exceptions. There is, therefore, nothing in this assignment of error which we can consider. *Jones* v. *Hunter,* 126 Ark. 300; *Larkin* v. *State,* 131 Ark. 445.

Among other instructions, the court gave the following: (3) "Credibility of witness, this is the same that I have been giving you all along, gentlemen." The bill of exceptions does not show what instruction the court had been giving. The record does not show that the appellant preserved any exceptions to the giving of instruction No. 3. Appellant, therefore, fails to show that there was any error in the ruling of the trial court in the giving of

instructions. See *Manasco* v. *State,* 104 Ark. 397; *Alexander* v. *State,* 103 Ark. 505.

There were no errors at the trial, and the judgment is, therefore, affirmed.