## MAY v. STATE.

### Opinion delivered September 23, 1918.

1. LARCENY—WEIGHT OF EVIDENCE.—Proof of possession by defendant of the head of an animal recently stolen *held* sufficient to sustain a conviction of defendant as principal in the commission of the crime where the jury might have found that his explanation of such possession was insufficient.

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—EXCEPTION.—Error of the court in the admission of improper testimony is not available on an appeal where no exceptions were saved, and where, after admitting the testimony, the court excluded it from consideration of the jury.

3.  SAME—IMPROPER ARGUMENT—PREJUDICE.—The prosecuting attorney in his closing argument said: "Mr. Steel in his speech to you said that this man had a good reputation.   Mr. Steel knows, and every attorney at this bar knows, that, under the fixed rules of law, I had no right to attack this man's character and reputation * * * unless that was first put in issue by the defendant himself.   *Held,* that the statement, while erroneous, was not prejudicial.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Will Steel,* for appellant.

1.   Appellant was indicted as principal but convicted as an accessory after the fact.   The judgment is not sustained by the evidence.   109 Ark. 498; 37 *Id.* 274; 41 *Id.* 173; 96 *Id.* 58; 109 *Id.* 389; 34 *Id.* 632.

2.   Improper evidence was admitted and the argument of the prosecuting attorney was improper and prejudicial.   101 Ark. 153; 55 *Id.* 598; 96 *Id.* 8; 58 *Id.* 481; 70 *Id.* 305.

3.   Evidence as to the head of the steer was hearsay.   70 Ark. 562.   Good or bad character can not be proved by specific acts.   120 Ark. 459.   The court's rulings can not remove the prejudice of improper evidence and argument.   61 Ark. 130; 95 *Id.* 238; 71 *Id.* 416; 58 *Id.* 481.

4.   The evidence failed to establish the crime. 85 Ark. 360; 97 *Id.* 159; 68 *Id.* 529, 533.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The evidence is ample to support the verdict.

2.   There is no error in the admission of testimony. No proper exceptions were saved and the objections were waived.   73 Ark. 407; 38 *Id.* 221; 39 *Id.* 221; 105 *Id.* 82. The testimony admitted was harmless, as other witnesses testified to the same facts without objection.   103 Ark. 315; 58 *Id.* 374; 76 *Id.* 276.   Moreover, appellant admitted that the heads were there and that he had put them there and had butchered the cattle.   66 Ark. 264; 77 *Id.* 453.

3.   There was no error in the exclusion of evidence, nor in the remarks of the prosecuting attorney.

McCULLOCH, C. J.   Appellant was convicted of the crime of grand larceny, alleged to have been committed by stealing a steer, the property of one Vickers.

The principal contention of learned counsel for appellant is that the testimony was not sufficient to sustain the verdict—conceding that there was enough evidence to establish appellant's guilty participation in the commission of the crime—he was indicted as principal, and that there is no proof tending to show that he stole the animal himself or was present when the animal was stolen.   The proof is uncontradicted that Vickers owned the steer mentioned in the indictment; that the animal was stolen from the range and was butchered in the woods a few hundred yards from appellant's house. Witnesses introduced by the State testified that they found the butchering place with several heads of butchered animals there, and among them the head of the Vickers steer, and that they hid in a place nearby and saw appellant take the head down and carry it off and put it in a hole in the ground and cover it up, and also saw him take down the chain used in lifting the butchered animals.   Afterwards appellant produced the head of the animal at the trial in the examining court, and there is no dispute about the fact that it was the head of the steer which had been stolen from Vickers.   Appellant testified that the steer was butchered by Henry Schuflin, one of the tenants on his farm, and that he let Schuflin have his wagon and team to haul the meat to market.   He admitted that he went down to the butchering place and took down the head and chain, and stated that he put the head in the hole and covered it up so that the dogs could not get hold of it and thus destroy its indentity. The testimony of the State's witnesses tended to show that this occurred the next morning after the steer had been butchered in the early part of the previous night.

Appellant's possession of the head of the recently stolen animal, if not satisfactorily explained, was sufficient to warrant the jury in concluding that he was guilty of stealing the animal, and it was properly left to the jury to determine whether or not appellant's explanation of the possession of the stolen property was satisfactory and reasonable and consistent with his innocence. Appellant himself produced the testimony tending to show that the animal was butchered by Schuflin alone, but the jury were not bound to accept his version of the matter and may have concluded, from the fact of his possession of the head and his suspicious conduct in removing it and and secreting it, that the belief was warranted that he had stolen the animal himself.

We are. of the opinion, therefore, that the evidence is sufficient to sustain a finding of the guilt of the defendant as a principal in the commission of the crime.

Error of the court is assigned in admitting improper testimony, but that assignment is not available for the reason that no exceptions were saved and also for the reason that the court excluded the testimony from the consideration of the jury.

It is contended that the judgment should be reversed on account of the following remark of the prosecuting attorney in his closing argument:

"Mr. Steel in his speech to you said that this man had a good reputation. Mr. Steel knows and every at· torney at this bar knows that, under the fixed rules of law, I had no right to attack this man's character and reputation, that my hands were tied and I could not go into his past record, unless that was first put in issue by the defendant himself."

Appellant testified in his own behalf and the prosecuting attorney might have introduced testimony attacking his reputation by way of impeachment as a witness, and the statement in the argument was, therefore, erroneous, but we fail to see any possible prejudicial effect resulting from the controversy between counsel as to the reason for not introducing proof of that character.

The remarks do not bear the necessary inference that testimony could have been produced successfully attacking the reputation of appellant, and it did not amount to a statement of fact by the prosecuting attorney.

We fail to discover any prejudicial error in the record, and, the evidence being sufficient to sustain the verdict, the judgment must be affirmed, and it is so ordered.