DANIELS v. STATE.

Opinion delivered June 8, 1925.

1. RECEIVING STOLEN GOODS—EVIDENCE.—Evidence *held* sufficient to sustain a conviction of receiving stolen goods.

2. LARCENY—RECEIVING STOLEN GOODS—UNEXPLAINED POSSESSION.—Unexplained possession of recently stolen goods is legally sufficient to warrant conviction of either larceny or receiving stolen goods.

3. RECEIVING STOLEN GOODS—WEIGHT OF TESTIMONY.—The weight to be given to accused's explanation of his possession of recently stolen goods, and of the inferences to be drawn therefrom are questions for the jury.

4. WITNESSES—CROSS-EXAMINATION.—In a prosecution for receiving stolen goods, the accused may be asked on cross-examination whether he had committed burglaries, for the purpose of affecting his credibility.

5. CRIMINAL LAW—JUDICIAL NOTICE.—It is judicially known that the city of Little Rock is in Pulaski County.

6. CRIMINAL LAW—EVIDENCE OF VENUE.—Evidence that property was stolen from a house of a certain street number in Little Rock establishes the venue as in Pulaski County.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade*, Judge; affirmed.

*Sam Robinson*, for appellant.

*H. W. Applegate*, Attorney General and *Darden Moose, Assistant*, for appellee.

McCULLOCH, C. J. This is an appeal from a judgment of conviction of the crime of receiving stolen property, the alleged offense occurring in the city of Little Rock.

Appellant is a negro boy, sixteen or seventeen years old, and is alleged to have received the stolen articles from another boy named Davis. The State proved that a lot of different articles, including wearing apparel, jewelry and other things, were stolen from the home of Mrs. Gardner, and that immediately after the burglary some of the stolen articles were found in possession of appellant at his room in the city. A police officer testified that he found in appellant's room the coat of a blue serge suit, and a "pin-striped suit of clothes," some

jewelry and other articles, which were said to have been stolen from Mrs. Gardner's residence. The proof was sufficient to show that these articles found in appellant's room were the identical articles which were stolen from the house named.

It is contended, in the first place, that the evidence was insufficient to sustain the verdict, in that it does not show that appellant knew that the property had been stolen. He testified that he roomed at the same house with Davis, and that, when the landlady required Davis and the girl with whom he was living to move out of the house, the girl turned the articles over to him (appellant) to keep as Davis' property, and that he did not know that the property was stolen. He testified that all he knew about the property was that the girl turned it over to him to keep.

The rule has long been maintained by this court that unexplained possession of property recently stolen constitutes legally sufficient evidence to warrant a conviction, either of larceny or receiving stolen property. *Sons* v. *State,* 116 Ark. 357; *Mays* v. *State,* 163 Ark. 232. The weight to be given to the testimony and the inference to be drawn therefrom are questions for the jury. It was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by the accused of his possession of the stolen property.

After the appellant had testified in the case and stated that the articles were delivered to him as the property of Davis, the State introduced Davis in rebuttal, and he stated that he did not have anything to do with the property found in appellant's room. He said that he owned a blue serge suit, and that the coat of the suit was at his house, but that it was not at the house of appellant, and that he had nothing to do with the property found at appellant's house. This testimony tended to contradict the testimony of appellant and added to the weight of the evidence. We think that the evidence was sufficient to sustain a conviction.

The next assignment of error relates to the ruling permitting the prosecuting attorney to ask appellant on cross-examination whether or not he had committed other burglaries. This was competent, under well settled rules of evidence, for the purpose of affecting appellant's credibility as a witness.

It is also contended that the proof is not sufficient to establish the venue in Pulaski County. The witnesses testified as to the home of Mrs. Gardner on a certain street in Little Rock from which the property was stolen, and also the location in the city of the house in which appellant roomed and where the stolen goods were found. It is judicially known that the whole of the city of Little Rock is in Pulaski County, and the mention of a street number of a house in the city is sufficient to prove the venue.

Judgment affirmed.