BOWSER *v.* STATE.

Crim. 4031

Opinion delivered June 7, 1937.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. Appellant was charged by information, in one count, with the larceny of two jersey cows,

the property of one Kennerson; and in another count with receiving the same property, with the felonious intent to deprive the owner thereof, knowing the property to have been stolen. Upon a trial the jury found him guilty under the second count and fixed his punishment at three years in the penitentiary. Judgment was entered accordingly.

Appellant has not favored us with a brief in his behalf. His motion for a new trial questions only the sufficiency of the evidence to support the verdict and judgment. It is said there is no evidence that he knew the cows he had were stolen; no evidence that the cows he had were stolen; and no evidence that the cows he had were the property of Kennerson. In all of this appellant is mistaken. He did not testify and he called no witness in his behalf. The owner of the cows testified that they disappeared in January preceding the trial and were missing the morning of January 13. He described the cows. He received information they had been sold in Newport, where he went, and traced them to Memphis. Another witness said appellant came to him to find out who was buying cattle in the neighborhood and the next morning he appeared with two cows for which he asked $50 and gave his name as Willie Brown. This witness described the cattle which was substantially the same as that given by the owner. He also identified appellant as the man with the cows, who gave his name as Willie Brown. Another witness testified he bought two cows from appellant on January 13, and that he gave his name as Willie Brown. The witness paid appellant $40 for the cows and sold them to another person who shipped them to Memphis. His description of the cows shows they were Kennerson's. Other witnesses testified to facts and circumstances tending to connect appellant with the theft and unlawful possession of the cattle.

In *Daniels* v. *State*, 168 Ark. 1082, 272 S. W. 833, the late Chief Justice McCulloch, speaking for the court, said: "The rule has long been maintained by this court that unexplained possession of property recently stolen constitutes legally sufficient evidence to warrant a conviction, either of larceny or receiving stolen property. *Sons* v. *State*, 116 Ark. 357, 172 S. W. 1029; *Mays* v. *State*, 163

Ark. 232, 259 S. W. 398. The weight to be given to the testimony and the inference to be drawn therefrom are questions for the jury. It was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by the accused of his possession of the stolen property.'' See also *Dave King* v. *State,* this day decided, *ante,* p. 157, 106 S. W. (2d) 582.

Here, appellant gave no explanation of his possession of the stolen property either by himself or any other witness, and the evidence on behalf of the state was ample and undisputed that the cows were stolen on the night of January 12; that appellant had them in his possession and sold them as his on the 13, and that the cows belonged to Kennerson. While no witness testified that appellant knew the cows were stolen, the burden was on him to explain his possession of the so recently stolen property, to the satisfaction of the jury, which he did not do.

The judgment must be affirmed. It is so ordered.