Morris *v.* State.

4117                                   126 S. W. 2d. 93

Opinion delivered March 13, 1939.

*J. M. Jackson,* for appellant.

*Jack Holt,* Attorney General, *Jno. P. Streepy,* Asst. *Atty. General,* for appellee.

HUMPHREYS, J. Information was filed in the circuit court of Polk county, Arkansas, by the prosecuting attorney on the 19th day of October, 1938, against A. C. Morris, charging him with the crime of grand larceny in three separate counts with unlawfully, and feloniously stealing, taking, driving and carrying away four head of cattle, the property of Gerald Ridings, and five head of cattle, the property of Teresa Ridings, and one red cow (heifer), the property of Mrs. Janie Ridings, on the 26th day of May, 1938, with the felonious intent to deprive each owner of his property, against the peace and dignity of the State of Arkansas.

Appellant was arraigned on said charges on the 25th day of October, 1938, and pleaded not guilty, whereupon, he filed a motion for a continuance in due form on account

of the absence of one of his witnesses, Clyde McBride. Testimony was introduced by appellant and on behalf of the state and the motion was overruled, over the objection and exception of appellant. The testimony taken before the judge on the motion has been omitted from the record.

The cause then proceeded to a trial upon the information, testimony and instructions of the court resulting in the following verdicts:

"We, the jury, find the defendant guilty on the first count, and fix his punishment at one year in the penitentiary. We, the jury, find the defendant guilty on the second count, and fix his punishment at one year in the penitentiary. We, the jury, find the defendant guilty on the third count, and fix his punishment at one year in the penitentiary. G. R. Price, Foreman."

Judgments were rendered in accordance with the several verdicts returned, from which is this appeal.

At the conclusion of the testimony appellant requested the court to direct a verdict acquitting and discharging him, which request was denied over appellant's objection and exception.

Appellant's first assignment of error is that the court overruled his motion for a continuance. As stated above the motion was in proper form and shows that Clyde Mc-Bride was subpoenaed on the 22nd of October, and the trial was begun on the 25th of October. The testimony shows that Clyde McBride was a non-resident of the state of Arkansas, living at Jafry, Oklahoma. The motion for a continuance states that if the case were continued by the court appellant would be able to have the absent witness present. Since it was not stated in the motion how he would obtain the presence of the absent witness if the cause were continued and since the testimony taken before the court on this question does not appear in the record, the testimony was insufficient to show that the court abused his discretion in not granting a continuance. The question of granting or refusing a motion for a continuance is a matter in the sound judicial discretion of the trial court and a reversal can only be had where it is

shown by the record that the refusal to grant a continuance was an arbitrary abuse of discretion. *Gallaher* v. *State,* 78 Ark. 299, 95 S. W. 463; *Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946; *Smith* v. *State,* 192 Ark. 967, 96 S. W. 2d 1; *Martin* v. *State,* 194 Ark. 711, 109 S. W. 676. Reference is made to the following cases to support the rule that the trial court's discretion in refusing a continuance in a criminal case on account of the absence of non-resident witnesses is not an arbitrary abuse of his discretion. *Turner* v. *State,* 135 Ark. 381, 205 S. W. 659; *Freeman* v. *State,* 150 Ark. 387, 234 S. W. 267; *Hays* v. *State,* 156 Ark. 179, 245 S. W. 309.

Appellant's second assignment of error is that the evidence is insufficient to sustain the conviction and that the court should have given appellant's requested instruction to acquit and discharge him. The argument is that all witnesses testifying against appellant except the sheriff were accomplices in the crimes and that there was no corroboration of their testimony except in so far as these accomplices corroborated each other. The testimony of these accomplices was to the effect that Atley Self, Dale Warren and appellant drove the cattle in question off the range from the Vaught place in Oklahoma over into Arkansas to the Crock Warren farm where the cattle were placed in Warren's barn; that all of the cattle were branded with an "R" and were on the night after being driven over the line loaded in a truck owned and operated by J. R. Bell and that appellant and J. R. Bell started off with them to Memphis for the purpose of disposing of them and that they were arrested a short distance after leaving the Crock Warren farm and the cattle were taken under the direction of the sheriff to the home of Gerald Ridings, his mother and sister and turned into their pasture after they identified the cattle as being owned by said parties.

Appellant testified that he was employed by Crock Warren to take the cattle to Memphis and sell them for him and was to receive $55 for that service; that he engaged J. R. Bell to haul them in his truck and agreed to pay him out of the proceeds of the cattle $45 for his serv-

ices. The jury did not accept his explanation of being in possession of these stolen cattle. The undisputed proof shows by persons who were not accomplices in the crime that the cattle had been stolen. The possession of recently stolen property, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction either of larceny or of receiving stolen property. It was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by appellant of his possession of the stolen property. *Daniels* v. *State*, 168 Ark. 1082, 272 S. W. 833, and cases cited therein; *Bowser* v. *State*, 194 Ark. 182, 106 S. W. 2d 176. We think the fact that appellant' was in possession of recently stolen property was sufficient corroboration of the testimony of appellant's accomplices to sustain the conviction.

Moreover, appellant is not in a position to raise the question as to the insufficiency of the evidence on the ground that the testimony of the accomplices were not corroborated. It is provided by § 4017 of Pope's Digest that: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; . . ."

Appellant did not request an instruction under this statute, but he contented himself with requesting an instructed verdict on the whole case. If appellant had desired an instruction under the statute it was his duty to have made such a request and as he failed to do so it is now too late to complain on the appeal of his case. *Slinkard* v. *State*, 193 Ark. 765, 103 S. W. 2d 50.

Appellant's last assignment of error is that the court erred in instructing the jury and in refusing to give certain instructions requested by him. The objections to the instructions given by the court were in gross and such an objection is not sufficient to successfully attack them as being erroneous. We have looked to them, however, and find that the instructions given were in the usual form for larceny cases and find no error in any of them. The instructions which were refused by the court at the

request of appellant were fully covered by the instructions which were given by the court to the jury.

No error appearing, the judgments are affirmed.