MEADOR *v.* STATE.

4199 148 S. W. 2d 653

Opinion delivered March 3, 1941.

 █ 

*John H. Wright,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. The prosecuting attorney of the circuit of which both Grant and Hot Spring counties are a part filed in the Grant circuit court the following information: "I, W. H. Glover, prosecuting attorney within and for the Seventh Judicial Circuit of the state of Arkansas, of which Grant county is a part, in the name and by the authority of the state of Arkansas, on oath, accuse the defendant Trigg Meador of the crime of grand larceny committed as follows, to-wit: The said defendant on the 21st day of August, 1940, in Hot Spring county, Arkansas, did unlawfully, wilfully and maliciously steal, take and carry away one red heifer, the personal property of B. A. Raines, with intent unlawful to deprive the true owner of his said property against the peace and dignity of the state of Arkansas."

A warrant issued upon this information, which was served by the sheriff of Grant county, an official who knew appellant and was known by him. Appellant appeared in the custody of the sheriff, and waived formal arraignment, and entered a plea of not guilty, and the cause was set for trial November 7, 1940. Appellant filed no motion to quash the information, and did not attack its sufficiency in any manner. Had he done so, the obvious error of charging in the information that the crime was committed in Hot Spring county, instead of Grant county, could have been corrected under the authority of § 3853, Pope's Digest, and would, no doubt, have been.

Section 3853, Pope's Digest, is a part of initiated act No. 3, adopted by the people at the 1936 general election (Acts 1937, p. 1384), and provides that the prosecuting attorney may file a bill of particulars in explanation of an information or indictment, provided that the bill of particulars shall not change the nature of the crime charged or the degree of the crime charged. Apparently,

all parties overlooked the careless manner in which the information had been drawn. If this be not true, then appellant had ''a card up his sleeve,'' which he may not now be permitted to play. This may have been trial strategy—not to be condemned or criticised—yet it may not be suffered to work an obvious miscarriage of justice.

The court charged the jury that appellant could not be convicted unless it was shown that the larceny was committed in Grant county, and it was not even then called to the attention of the court that the information alleged the venue in Hot Spring county; indeed, the motion for a new trial did not assign this variance as error.

Now, it is very clear that this variance would be fatal, and would require the reversal of the judgment but for act No. 3, *supra*. But the obvious purpose of this act was to prevent miscarriages of justice for such reasons.

Under this act it is not necessary to allege the venue of the offense, as was required prior to its passage. Section 26 of this act provides that ''It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce proper judgment accordingly, unless the evidence affirmatively shows otherwise.'' The evidence does not affirmatively show otherwise. On the contrary, it shows affirmatively that the offense charged was committed within the jurisdiction of the Grant circuit court.

Another section of act 3, erroneously numbered 3028 (§ 3851, Pope's Digest), prescribes the ''Contents of indictments'' as follows: ''The language of the indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the names of the parties. It shall not be necessary to include statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so. . . . The state, upon request of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for conviction.''

Section 10 of art. II of the Constitution provides that "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed; . . ."

The accused was tried in the county in which the testimony shows the crime was committed, and in view of what has just been said we are of opinion that no prejudice resulted from the loose manner in which the information was drawn. *Ahart* v. *State,* 200 Ark. 1082, 143 S. W. 2d 23.

Error is assigned in the refusal to give instructions numbered 2 and 3, requested by appellant. Instruction No. 2 required the jury to find the appellant guilty beyond a reasonable doubt, and might well have been given, but was covered by an instruction having the same number which was given by the court.

Instruction No. 3 begins by saying "I instruct you that in this case the state has relied upon what is termed circumstantial evidence." It then proceeds to state when such testimony is sufficient to sustain a conviction.

No error was committed in refusing this instruction, as the state did not rely upon what is termed circumstantial evidence. However, the court charged the jury that "In so far as the evidence is circumstantial in this case to convict the defendant it is necessary that the circumstances not only point to and be consistent with the guilt of the defendant, but should also be inconsistent with his innocence." Appellant had no right to ask an instruction more favorable on this issue.

It is insisted that the testimony is insufficient to support the verdict, and that the court erred in giving an instruction numbered 4. These assignments may be discussed together. Instruction No. 4 reads as follows: "The court instructs the jury that possession of recently stolen property and unexplained by the defendant is a circumstance which may be proven and taken into consideration by the jury, and if, in connection with the facts and circumstances proven in the case it induces in the minds of the jury beyond a reasonable doubt, of the

guilt of the defendant, it becomes sufficient to warrant a conviction.''

The objection to the instruction is that it assumes that appellant was in possession of the stolen heifer. We do not so understand it. Some one had made a necessary preparation to steal the heifer, and had stolen it by tying it with a rope where it could not be seen from the highway. Whether appellant was that person was a question of fact in the case submitted to the jury and the instruction was, therefore, not erroneous.

B. A. Raines, the owner of the heifer, testified that he heard a noise in his cornfield, and saw a red yearling being pulled into the woods by some unknown person; that he slipped into the woods, following that person, and that when he entered a thicket he saw appellant standing a few yards from the heifer, which was tied with a rope. Appellant spoke to witness, and said some one had a red yearling tied in the thicket. Appellant's wife came upon the scene about that time from the opposite side of the thicket, and remarked that she had seen a man running into the woods.

Appellant had an empty inclosed truck which he had parked on the side of the road near the thicket where the yearling was found. Several witnesses testified that the yearling could not have been seen from the highway. Salt was found on the ground at the place where Raines heard the noise which attracted his attention.

Appellant did not testify, but witnesses called in his behalf testified that appellant was a peddler, and bought chickens which he hauled in his truck, and that only a very small cow or yearling could be hauled in the truck. Witnesses for the state testified that the truck was large enough to carry two half-grown cows, and that they found cattle hair on the top and around the sides of the truck.

There had been a sufficient taking or asportation of the heifer to constitute larceny. *Woodall and Hickman* v. *State,* 200 Ark. 665, 140 S. W. 2d 424. It had been taken into the possession of the thief by leading it into the thicket, and tying it there. This possession had been very recently taken, and we think the testimony suffi-

cient to support the finding that the heifer was in appellant's possession. Instruction No. 4 was, therefore, appropriate, and the testimony is sufficient to support the finding that it was appellant who had stolen the heifer.

No error appears, and the judgment must be affirmed, and it is so ordered.