Davis *v.* State.

4225                                        154 S. W. 2d 112

Opinion delivered October 13, 1941.

W. A. Jackson and Bratton & Coleman, for appellant.

Jack Holt, Attorney General, and Jno. P. Streepey, Assistant Attorney General, for appellee.

McHANEY, J. Appellant was convicted of the crime of larceny for the stealing of two head of cattle, the property of a neighbor, Carl Russom, and sentenced to serve a year in the state penitentiary.

To reverse the judgment and sentence against him, he first says the evidence is not sufficient to establish the charge of stealing said cattle, and that, had he not "been questioned in regard to other things happening in his life, he would not have been convicted. . . ."

Mr. Russom testified that he lost two head of cattle, a red, white face cow. and a red, white face line back heifer, that is, one with a line down its back; that he had thirty head before he lost these two; that he missed them first about December 7, 1940, although he had not seen them since about November 29; that he went to appellant's home twice to see about them, and there was no one at home, but later saw appellant at a sales barn and told him his two cattle were missing and appellant told him he would watch out for them and would send him word if he saw them; that later he went to West Plains, Missouri, and found that appellant had sold two head of cattle described as above on December 2, 1940; that the two cattle stolen were branded with his brand and marked with his mark; that he recovered the above described heifer from a Mr. Reddish who had about 75 head of cattle in his barn including said heifer; that he picked her out of the other cattle in said barn and she was marked and branded with his marks and brand.

Appellant admitted that he had sold the two head of cattle in White Plains, but contended that he had bought them with others from a sales barn in Pocahontas, Arkansas, at a public auction sale. This made question of fact for the determination of the jury. By its verdict, the jury evidently did not believe that he bought these two head of cattle at Pocahontas as testi-

fied to by him and corroborated by others. He sold cattle that had Russom's marks and brand on them and the jury was justified in not accepting his explanation of his possession of them. The rule is well settled that the possession of property recently stolen, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction of the larceny thereof. *Daniels* v. *State,* 168 Ark. 1082, 272 S. W. 833; *Woodall and Hickman* v. *State,* 200 Ark. 665, 140 S. W. 2d 424, and cases cited therein.

Another argument made for a reversal is that the state failed to prove the value of the property to be in excess of $10. Aside from the fact that the statute, § 3140 of Pope's Digest, makes it a felony to steal any kind of cattle, we think the value was sufficiently proven.. Mr. Reddish testified that Russom paid him $27.50 for the heifer when he recovered her and Russom was asked if the heifer was worth $30 and he answered, ''Mr. Reddish said he wouldn't trade her for $50.'' This was sufficient to prove value, even if necessary.

Finally appellant complains because of certain questions asked him on cross-examination as to his guilt of other crimes. Most of the questions asked him in this regard were without objection. The court ruled, when objection was made, that such questions were competent only as going to his credibility. Appellant denied he was guilty of the offenses about which he was questioned and no attempt was made to contradict him. We think the questions were competent for the purpose limited by the trial court. Appellant cites *Parnell* v. *State,* 163 Ark. 316, 260 S. W. 30, where it was held error to permit a witness to be interrogated concerning mere accusations or indictments for crime. There are many of such cases as stated in the opinion in that case, some of which, including the Parnell case, are cited in the very recent case of *Croft* v. *State, ante* p. 719., 152 S. W. 2d 563, where it was said: ''Here, appellant was not interrogated concerning the accusation of another crime or an indictment charging one, nor was any independent testimony offered to the effect that he had been accused of or indicted for the commission of another crime. His cross-examination concluded the inquiry as to the other crime. In permitting

this cross-examination the court admonished the jury that it could be considered only as affecting the credibility of the witness. As thus limited, many cases have held that the cross-examination was proper. A recent case, citing others to the same effect, is that of *Phillips* v. *State,* 190 Ark. 1004, 82 S. W. 2d 836.''

As no error appears, the judgment is affirmed.