KROKRICH v. STATE.

4372                                           185 S. W. 2d 922

Opinion delivered February 26, 1945.

*Hugh M. Bland,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

SMITH, J. Appellant Krokrich was convicted and given a sentence of one year in the penitentiary, upon his trial under an information charging him with having received two stolen automobile tires, knowing they had been stolen, of a value exceeding $10, the property of

Homer Todd, who testified that two tires were removed from a truck owned by him, and that they were worth more than $10.

Ralph Thomas, a young man twenty years of age, employed as a taxi driver, testified that he and another young man, named Brock, stole these tires on Saturday night or Sunday morning, July 16, and Brock advised Thomas that appellant Krokrich, who operated a garage, would purchase them. Thomas and Brock took the tires to the St. Charles Hotel, where Krokrich had a room, arriving there about 2:00 o'clock in the morning, and the sale of the tires was made for $23, and this money was divided between Brock and Thomas. Brock told Krokrich that he knew where he could get two more tires, and Krokrich said he would buy these also. Thomas and Brock left the hotel, and after an absence of about an hour, returned with the two additional tires, which Krokrich purchased for $30. On the preceding Thursday night Brock and Thomas sold Krokrich two tires removed from a car having a California license.

Thomas was suspected and arrested, and freely confessed his guilt, and he furnished an officer a description of Krokrich and the car Krokrich drove. Fletcher Bell, a policeman, found the car Thomas had described, at the St. Charles Hotel, between four and five o'clock on the morning of July 20th, and a bellboy, employed at the hotel, told him Krokrich was the owner of the car. Bell was shown to Krokrich's room where an arrest was made. Krokrich admitted ownership of the car, which led to his arrest, but was unable to produce a registration certificate of his ownership of it. Bell advised Krokrich that he had been arrested for receiving tires stolen by Thomas, and Krokrich asked how many tires he had information on, and Bell answered, "Four," and Krokrich stated he had bought six. Bell asked Krokrich if he did not know that they were stolen and Krokrich answered, "Yes, I knew they were hot."

Krokrich was carried to police headquarters and after some conversation there he went with the officers to a garage back of the hotel where he had a room. Krok-

rich got a key to the garage from the hotel office and when the garage was opened, the six stolen tires were found there. Todd identified two of these tires which had been stolen from his truck, and Thomas identified all of them. Krokrich admitted purchasing the tires, but testified that before buying them he asked if they had been stolen, and was assured that they had not been. Brock corroborated that statement, but Thomas denied it.

A young woman, whose husband was a soldier in service overseas, was called as a witness to contradict Thomas. She testified that she was in Krokrich's room when Thomas came there and Krokrich asked Thomas if he could sign a statement to the effect that he had never told Krokrich the tires were stolen, and Thomas replied he had been told by his attorney not to sign such a statement, and if he did so he would not be given the sus-pended sentence which had been promised him. This Thomas denied, and he denied also that he had been promised a suspended sentence. Brock, who testified that Thomas assured Krokrich the tires had not been stolen, admitted he got $32 out of the transaction.

The only assignment of error of appellant's counsel is that Krokrich was convicted on the testimony of an admitted accomplice, without the corroboration required by § 4017 of Pope's Digest which provides that: "A conviction cannot be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice."

Before discussing this assignment of error, it may first be said that Krokrich was found in possession of property recently stolen, and it was held in the recent case of *Morris* v. *State*, 197 Ark. 778, 126 S. W. 2d 93, and other cases there cited, that, "The possession of recently stolen property, if unexplained to the satisfaction

of the jury, is sufficient to sustain a conviction either of larceny or of receiving stolen property.''

Krokrich did not testify, and there was no contradiction of the testimony of Thomas and Brock as to the circumstances under which these two tires belonging to Todd had been purchased. The jury had the right to believe Thomas' testimony, which was to the effect that Krokrich knew when he purchased the tires that they had been stolen, or to believe the testimony of Brock that Krokrich was told that the tires had not been stolen, but even though the testimony of Brock had been undisputed that Krokrich had been told the tires had not been stolen, the question of fact would remain whether, under the circumstances under which the sale was made, Krokrich had the right to believe and rely on the statement and had acted in good faith in buying the tires.

However, the testimony of Thomas is abundantly corroborated. The admitted circumstances under which the sales were made are strongly corroborative of the testimony given by Thomas, and if any doubt on that subject remained, the testimony of the officers who arrested Krokrich would remove that doubt. This officer testified that he asked Krokrich if he knew the tires had been stolen, and that Krokrich answered, ''Yes, I knew they were hot.'' This answer was slang, but was unexplained, and its meaning in common parlance is well understood.

No error was committed in admitting or excluding testimony, or in giving or refusing to give instructions. The jury had the right to disregard such explanation as was attempted of Krokrich's possession of property recently stolen, and it was not arbitrary to disregard that explanation, and then, too, the testimony of Thomas, the accomplice, was fully and sufficiently corroborated. The judgment must, therefore, be affirmed, and it is so ordered.