ANDERSON *v.* STATE.

4422                                              197 S. W. 2d 36

Opinion delivered October 28, 1946.

Rehearing denied November 25, 1946.

---

[4] Article VII, Sec. 4, Constitution of 1874.
[5] Pope's Digest, Secs. 4241-42-43, *et seq.*

*Denver L. Dudley, Bon McCourtney* and *T. J. Crowder,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice.   Dave Anderson prosecutes this appeal to reverse a judgment of conviction against him for grand larceny.

On the night of July 11, 1945, a thief entered the home of Tom Lane in Jonesboro, Arkansas, by cutting a screen door and took $23 and a wrist watch belonging to Lane. The next morning Lane notified the local and state police departments, and the usual notices of the burglary, containing a description of the watch, were sent to officers and police departments over the country. Two weeks later, Lane received notice from the police department of St. Louis, Missouri, that his watch was in a pawn shop in that city. Lane paid $15 to the pawn shop and redeemed his watch. The watch was identified by its serial number and Lane testified that the watch had a value of $50 at the time it was stolen.

Sheriff Leon Brown testified that he went to St. Louis when the watch was located. He talked with defendant who was in the custody of the St. Louis police and again later when he was returned to this state. The sheriff testified that defendant admitted that he had possession of the watch and told the sheriff that he bought

the watch from William Jones, or an unknown youth, for $15. Defendant also told witness that he formerly lived in Marked Tree, Arkansas.

Although there are other assignments of error in the motion for new trial, defendant's chief contention, and one which has given us much concern, is that the evidence is insufficient to sustain the verdict. It is argued that the statement made to Sheriff Brown fails to show that defendant was ever in possession of the watch, and that such possession may not be inferred merely from the statement that defendant bought the watch from an unknown youth. It is further insisted that the admission of defendant that he purchased the watch from another was the only statement from which proof of possession might be inferred and must be accepted by the jury as true in its entirety. We cannot agree that defendant did not state that he had possession of the watch, nor do we agree that the jury were bound to accept the entire statement as true. The following question by the prosecuting attorney and answer given by the sheriff are found in the record. "Q. You say he admitted having had the watch in his possession? A. He did." On cross-examination Sheriff Brown also testified that defendant told him he got the watch from some unknown negro youth and that he then gave it to some boy to pawn for him. Defendant did not tell the officer when he bought the watch or how long he had it in his possession, but the first statement was made two weeks after the theft when the watch was recovered from the pawn shop.

In *Daniels* v. *State,* 168 Ark. 1082, 272 S. W. 833, this court said: "The rule has long been maintained by this court that unexplained possession of property recently stolen constitutes legally sufficient evidence to warrant a conviction, either of larceny or receiving stolen property. *Sons* v. *State,* 116 Ark. 357, 172 S. W. 1029; *Mays* v. *State,* 163 Ark. 232, 259 S. W. 398. The weight to be given to the testimony and the inference to be drawn therefrom are questions for the jury. It was a matter for the jury to determine the reasonableness and sufficiency of the explanation given by the accused of his possession of the stolen property." This rule has been con-

sistently followed in many recent cases. *Bowser* v. *State,* 194 Ark. 182, 106 S. W. 2d 176; *Morris* v. *State,* 197 Ark. 778, 126 S. W. 2d 93; *Woodall* v. *State,* 200 Ark. 665, 140 S. W. 2d 424; *Davis* v. *State,* 202 Ark. 948, 154 S. W. 2d 812; *Krokrich* v. *State,* 208 Ark. 208, 185 S. W. 2d 922.

In *Gunter* v. *State,* 79 Ark. 432, 96 S. W. 181, 116 Am. St. Rep. 85, a conviction was upheld where the only evidence connecting the defendant with the commission of grand larceny was his recent possession of five of the 33 chickens alleged to have been stolen. In commenting on the sufficiency of the evidence this court said: ''Such evidence raises no presumption of law as to the guilt of the accused, but only warrants an inference of fact, of more or less weight according to the particular circumstances of each case, which the jury may draw therefrom as to his guilt. It makes a question for the jury, and is sufficient to warrant conviction where it induces in the minds of the jury a belief, beyond a reasonable doubt, of the guilt of the accused.''

In *Green* v. *State,* 169 Ark. 330, 275 S. W. 652, the court, in an opinion by Chief Justice McCullough, said: ''It has been decided by this court that unexplained possession of recently stolen property constitutes legally sufficient evidence of the guilt of larceny. The trial jury is warranted in drawing the inference of guilt or innocence according to the reasonableness of the explanation of the possession, weighed in the light of the particular circumstances of the case.'' And, in *May* v. *State,* 135 Ark. 400, 205 S. W. 807, this court said: ''Appellant's possession of the head of the recently stolen animal, if not satisfactorily explained, was sufficient to warrant the jury in concluding that he was guilty of stealing the animal, and it was properly left to the jury to determine whether or not appellant's explanation of the possession of the stolen property was satisfactory and reasonable and consistent with his innnocence.''

The jury are the sole judges of the weight of the testimony and credibility of the witnesses and it was their duty, of course, to consider the whole statement made by the defendant to the sheriff. In doing so they

were not required to accept or reject such statement in its entirety, but it was their duty to accept such portions of the statement as they believed to be true and to reject that which they believed to be false. *Pickett* v. *State,* 91 Ark. 570, 121 S. W. 732. It was within the province of the jury to determine the reasonableness of defendant's statement that he purchased the watch from an unknown negro youth, and we cannot say that their rejection of this part of the account of his possession of the property was arbitrary and capricious. This is especially true when the statement is viewed in connection with the further statement that he gave the watch to another boy to pawn for him. We, therefore, hold the evidence sufficient to sustain the verdict of the jury.

It is also argued that the trial court erred in permitting Lane to testify that the jeweler from whom he purchased the watch appraised its value at $50 at the time it was stolen. Conceding that this testimony was hearsay and inadmissible, the record fails to reflect that defendant objected to its introduction and the alleged error was not brought forward in the motion for new trial. Defendant's objection to the testimony was, therefore, waived and the question may not be raised for the first time on appeal.

Action of the trial court in permitting Sheriff Brown to testify that extradition was granted by the governor of Missouri at the request of the governor of Arkansas is assigned as error. It appears from the record that counsel for defendant told the jury in his opening statement that the governor of Missouri had refused to grant extradition. It was shown by the testimony that defendant obtained his release from custody through *habeas corpus* proceedings in a Missouri court after extradition had been granted. The matter of extradition should never have been injected into the case. Since it was done by counsel for defendant in his opening statement to the jury, he may not complain of an error which he invited. The trial court so ruled in passing on defendant's objection to the testimony, and the admission of this testimony did not constitute reversible error.

There are other assignments of error in the motion for new trial pertaining to the giving and refusal to give certain instructions. It would serve no useful purpose to set out these instructions. We think the instructions given fully and fairly declared the law as applicable to the facts and that matters embraced in the instructions refused were sufficiently covered by those given by the court.

We find no prejudicial error in the record, and the judgment is affirmed.