WAYNE R. WILLIAMS *v.* OTIS TURNER, CIRCUIT JUDGE

CR 73-150                                      503 S.W. 2d 901

Opinion delivered January 21, 1974

*Tackett, Moore, Dowd & Harrelson,* for Petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for Respondent.

CONLEY BYRD, Justice. Petitioner, Wayne R. Williams, being charged in Miller County with the offenses of False Pretenses, Ark. Stat. Ann. § 41-1901 (Repl. 1964), and Bribery, Ark. Stat. Ann. § 41-901 (Repl. 1964), asks this Court to prohibit Respondent, Otis Turner, Judge of the Miller County Circuit Court, from proceeding with a trial upon those charges in Miller County on the theory that Miller County has no jurisdiction of the offenses charged. We agree with petitioner and grant the writ.

The false pretense information as finally amended alleges:

". . . The said defendant on or about the 10th day of September in Clark County, Arkansas did unlawfully and feloniously with the intent to defraud and

cheat B. F. Wheat, Jr., of the sum of $5,000.00, $4,-000.00 of which is to be paid in Miller County, Arkansas, by falsely, fraudulently and designedly stating to the said B. F. Wheat, Jr., that for said sum, to be paid to certain influential individuals, the son of B. F. Wheat, Jr., Frank S. Wheat, would receive a certain sentence in the felony case then pending against him in Clark County, Arkansas, and would be 'free of prison'; Wayne R. Williams further stated to B. F. Wheat, Jr., that a probated or suspended sentence 'has been arranged with the judge' indicating that the Circuit Judge in Miller County, Arkansas, was to receive part of the payment, which statements were false and were known at that time by Wayne R. Williams to be false and the false representations and pretense were relied upon and believed by the said B. F. Wheat, Jr., in violation of Ark. Stats. 41-1901."

The bribery information as finally amended charged petitioner with the crime of bribery committed as follows:

"The said defendant on or about the 10th day of September, 1973, in Clark County, Arkansas, did willfully, unlawfully and feloniously directly pay and promise to pay a bribe of money in Clark and Miller Counties, Arkansas, to an officer of the State of Arkansas, a person holding a place of trust under the laws of the State of Arkansas, with the intent to influence the actions, decisions and recommendations of said officer in the prosecution of Frank S. Wheat, a defendant in a criminal case then pending in the Circuit Court of Clark County, Arkansas, in violation of Ark. Stats. 41-901."

Our Constitution Art. 2, § 10 guarantees an accused a "public trial by an impartial jury of the county in which the crime shall have been committed." This court, immediately after the adoption of the Constitution of 1874, recognized that this provision of the Bill of Rights was jurisdictional and held that the legislature could not direct or permit a trial in the county other than where the offense was committed.

Respondent recognizes the jurisdictional limitations but argues here that the information allege the crimes were committed in two counties. In doing so Respondent contends that the the jursidiction is controlled by Ark. Stat. Ann. § 43-1414 (Repl. 1964), and Ark. Stat. Ann. § 43-1426 (Repl. 1964) together with the interpretation that we gave to them in *Hill* v. *State*, 253 Ark. 512, 487 S.W. 2d 624 (1972). Arkansas Statutes § 43-1414 provides:

> "Where the offense is committed partly in one county and partly in another, or the acts or the effects thereof, requisite to the consumation of the offense, occur in two (2) or more counties, the jurisdiction is in either."

Arkansas Statutes § 43-1426 provides:

> "It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce the proper judgment accordingly, unless the evidence affirmatively shows otherwise."

In *Hill* v. *State*, 253 Ark. 512, 487 S.W. 2d 624 (1972), we had before us a charge of disposal of mortgaged property, Ark. Stat. Ann. § 41-1928 (Repl. 1964). In upholding the venue in that case we pointed out that the effects of the acts of the parties outside of Howard County was to dispose of the mortgaged property in Howard County. In other words there would have been no offense committed had the acts of the accused not resulted in the transfer of the mortgaged property in Howard County. Under the crimes here charged against petitioner the offenses were committed at the time of the occurrences alleged to have taken place in Clark County and were complete at that time.

Furthermore, as can be seen from the language of Ark. Stat. Ann. § 43-1426 (Repl. 1964), the presumption of venue only applies where the record does not affirmatively appear otherwise. In this case the informations affirmatively allege that the events giving rise to the offenses occurred in Clark County instead of Miller Coun-

ty. If the State had wanted to contend otherwise, it should have either amended the informations to allege that offenses were committed in Miller County or filed a bill of particulars, as was suggested in *Meador* v. *State*, 201 Ark. 1083, 148 S.W. 2d 653 (1941), to show that it was alleging an offense in Miller County and not in Clark County.

Finally, Respondent contends that the bribery information alleges a payment of a bribe in Miller County. We do not so read the information. As we read the information it charges that whatever petitioner did occurred in Clark County. Had it been the State's intent to charge petitioner with the payment of a bribe in Miller County, it would have been simple to have so stated without any mention of an allegation that he did pay a bribe in Clark County.—Of course nothing herein said will prevent the State from so proceeding against petitioner in Miller County upon a proper allegation.

Having shown that the informations filed against petitioner charged offenses that were allegedly committed only in Clark County, it follows that the Miller County Circuit Court was without jurisdiction.

Petitioner here for the first time challenges the sufficiency of the false pretense charge, because it does not allege that any payment was made by any person to any other person, but we do not reach the question. The record does not show that the sufficiency of the charge was presented to the trial court.

Writ granted.