Wayne R. WILLIAMS *v.* Maupin CUMMINGS, Circuit Court Judge

CR 74-44                                    508 S.W. 2d 564

Opinion delivered May 6, 1974

*Tackett, Moore, Dowd & Harrelson,* for petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. Petitioner is charged with the alleged offense of bribery in both Miller and Clark Counties

based upon his acts in each county in the furtherance of the same alleged illegal transaction which originated in Clark County. In *Williams* v. *Turner*, 255 Ark. 907, 503 S.W. 2d 901 (1974), we issued a writ of prohibition preventing his trial in Miller County since the information there, as amended, affirmatively disclosed that the alleged offense occurred in Clark County. Following our opinion, the state proceeded to further amend the Miller County information. The trial court held, in dismissing petitioner's motion to dismiss it, that both counties had concurrent jurisdiction and ordered that the trial proceed in Miller County based upon the further amended information and that the disposition in Miller County would preclude further action in Clark County. Petitioner again seeks a writ of prohibition to prevent his prosecution in Miller County on the bribery charge, as amended on January 30, 1974, following *Williams* v. *Turner*, *supra*.

The pertinent sequence of events is that on November 7, 1973, petitioner was indicted by a Clark County grand jury for paying or promising to pay a bribe to the deputy prosecuting attorney of Clark County " . . . . with the intent and for the purpose of influencing the actions, decisions and recommendations of the [deputy prosecutor] in the prosecution of Frank S. Wheat, a defendant in a criminal case then pending in the circuit court of Clark County, Arkansas, in violation of Ark. Stat. § 41-901" (Repl. 1964). Predating this Clark County indictment is the Miller County information, as now amended, which is attacked herein by petitioner. It recites the alleged Clark County bribe as well as a second payment in Miller County by Frank Wheat's father to petitioner for his use in payment of the balance of the alleged bribe.

Petitioner contends, *inter alia*, that even if the Miller County amended information alleges sufficient activity by petitioner to constitute a violation of the bribery statute (§ 41-901) (which petitioner vigorously denies),[1] the Miller County Circuit Court is without jurisdiction in light of the subsequent Clark County indictment. We must agree.

Ark. Stat. Ann. § 43-1031 (Repl. 1964) provides:

---

[1]We do not here reach nor determine that the alleged conduct occurring in Miller County constitutes a violation of Ark. Stat. Ann. § 41-901 (Repl. 1964).

> If therefore shall be, at any time, pending against the same defendant, two [2] indictments for the same offense, or [2] indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed.

As we read the Clark County grand jury indictment and the Miller County amended information, they allege a single act of bribery. The allegations are concerned with one offense and not two as the state contends. We must give the Clark County indictment preference in view of § 43-1031, *supra*, for it is the latest charge. Therefore, it suspends or supersedes the first charge which was instituted in Miller County. The statute clearly requires that it be quashed. The presently amended Miller County information must be considered as of the date of the filing of the original information which was on October 10, 1973. This is true because the subsequent amendments, including the one following *Williams* v. *Turner, supra,* merely relate back to the original information. In fact the state at the trial level took the position that the most recent amendment did not change the form or substance of the original charge which, as we have indicated, predates the Clark County indictment. Under the mandate of § 43-1031, *supra,* we have previously held that the returning of a second indictment in another county for the same offense operates as a relinquishment or as an abandonment of the first indictment in the other county where both have equal or concurrent jurisdiction of an alleged criminal activity. *Bottom* v. *State,* 155 Ark. 113, 244 S.W. 334 (1922). In the case at bar, the alleged activities in Miller County would, of course, be admissible in evidence in the Clark County proceeding since the alleged activities in both counties constitute and are in furtherance of a single offense. Also, being a single offense, prosecution in Clark County bars further prosecution in either of the counties. *Bottom* v. *State, supra.* We must observe that there is no significance between the effect of a charge being brought by information or by indictment.

Writ granted.